Roger PRESTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 85A02–9111–CR–496.

Court of Appeals of Indiana,
First District.

May 11, 1992.

Elden E. Stoops, Jr., Daggett, Schlitt & Stoops, North Manchester, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## ON PETITION FOR REHEARING

BAKER, Judge.

We grant Preston's petition for rehearing in our earlier opinion *Preston v. State* (1992), Ind.App., 588 N.E.2d 1273. Specifically, we address Preston's argument that this court erred when we affirmed the revocation of his probation under IND.CODE 35–38–2–3(a)(2).

As enacted by P.L. 67–1990, and effective July 1, 1990, IND.CODE 35–38–2–3(a)(2) provided that a trial court could revoke a defendant's probation if:

(2) the petition to revoke probation [was] filed before the earlier of the following:[1]

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receive[d] notice of the violation.

Although Preston's probation began on April 29, 1987, this court concluded the above provision applied in his case. *Preston, supra,* 588 N.E.2d at 1275. We made this determination because of the statute's remedial purpose, and because Preston had notice of the statute "while he still had the

---

1. IND.CODE 35–38–2–3(a)(2) was amended by P.L. 214–1991, Sec. 1, and now permits the petition to revoke probation to be filed anytime during the probationary period or before the earlier of the time periods set forth in IND. CODE 35–38–2–3(a)(2)(A)–(B). The amendment applies only to crimes committed after June 30, 1991.

opportunity to comply with the financial obligations imposed by his probation." *Id.* 588 N.E.2d at 1275. Application of the provision was relevant because on April 29, 1991, the state filed a petition to revoke Preston's probation, but the record is ambiguous whether his probation had already terminated.

In our earlier opinion, we did not decide the exact date his probation expired because of the leeway provided under IND. CODE 35–38–2–3(a)(2). *Id.* 588 N.E.2d at 1276 n. 7. We must now decide when Preston's probation expired, and we conclude the last day of his probation was April 28, 1991. This is because Preston was placed on probation on April 29, 1987, after serving one year of a five-year sentence. The last day of a four-year probationary period beginning on April 29, 1987, was April 28, 1991.

In light of another statutory provision, IND.CODE 35–38–2–1(a)(2), however, it was erroneous to apply IND.CODE 35–38–2–3(a)(2) retroactively in this case. IND. CODE 35–38–2–1, as amended effective July 1, 1990, provided:

(a) Whenever it places a person on probation, the Court shall:

(1) specify in the record the conditions of probation; and

(2) advise the person that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

P.L. 67–1990, Sec. 10.

■ Preston correctly notes that under the plain meaning of the above statutes, a court must comply with IND.CODE 35–38–2–1(a)(2) before it may revoke a defendant's probation under IND.CODE 35–38–2–3(a)(2). That is, a court may revoke a defendant's probation after the probation-

ary period expires only if the defendant was advised of the possibility when placed on probation. In our earlier opinion, we made no mention of the notice requirement mandated under IND.CODE 35–38–2–1(a)(2). When the court placed Preston on probation, it did not anticipate the new legislation, and, accordingly, it did not advise Preston his probation could be revoked after it expired. As a result, it was erroneous to revoke Preston's probation under IND.CODE 35–38–2–3(a)(2).

■ We now consider Preston's appeal under the old statutory provisions applicable in this case. IND.CODE 35–38–2–3(f), as enacted by P.L. 311–1983, Sec. 3, and effective July 1, 1983, mandated, in relevant part:

(f) If the court finds that the person has violated a condition [of probation] at any time before termination of the period, it may

(1) continue him on probation, with or without modifying or enlarging the conditions; or

(2) order execution of the sentence that was suspended at the time of initial sentencing.

Under the old statutory provisions governing probation revocation, our supreme court stated that once a term of probation expired, the court had no jurisdiction over the defendant to enforce any conditions of probation. *White v. State* (1990), Ind., 560 N.E.2d 45, 46. Before the defendant's probation expired, therefore, the State had to file a petition to revoke probation,[2] and the court had to issue a "summons or warrant [to] toll[ ] the period of probation until the final determination of the charge." IND. CODE 35–38–2–3(b), added by P.L. 311–1983, Sec. 3, effective July 1, 1983. If these requirements were not met, the court had no jurisdiction to revoke probation after the probationary period expired.

Under the facts of this case, the court had no jurisdiction to revoke Preston's probation after it expired on April 28, 1991.

---

**2.** This court recently considered in *dictum* the question of whether IND.CODE 35–38–2–3 vests authority to file a revocation petition with the prosecutor's office, or whether it is the proba-

tion department's responsibility. *Isaac v. State* (1992), Ind.App., 590 N.E.2d 606, 607 n. 2 (Shields, J., dissenting). We do not address this question here.

The record reveals that on April 16, 1991, the probation officer notified the prosecutor that Preston was in arrears on the financial obligations made a condition of his probation. The probation officer erroneously told the prosecutor, however, that Preston's probation expired on April 30, 1991. Believing he was responding to the probation officer's information in a timely manner, the prosecutor did not file a petition for revocation until April 29, 1991, which was a day after Preston's probation expired. A summons was later issued and the court scheduled a revocation hearing for July 30, 1991. The court revoked Preston's probation at the hearing.

Because Preston's probation expired before the State filed a petition for revocation and before the court issued a summons or warrant tolling the period of probation, the court had no jurisdiction over Preston when it revoked his probation on July 30, 1991.[3] *See White, supra,* at 46. The revocation is reversed.

### CONCLUSION

This court's opinion *Preston v. State* (1992), Ind.App., 588 N.E.2d 1273 is vacated. The revocation of Preston's probation is reversed, and the cause is remanded with instructions to discharge Preston.

RATLIFF, C.J., and BARTEAU, J., concur.

---

**3.** The result we are forced to reach today was remedied by our legislature when it enacted IND.CODE 35–38–2–3(a)(2). P.L. 67–1990, Sec. 12, effective July 1, 1990. As enacted, IND. CODE 35–38–2–3(a)(2) permitted the State to file a petition for revocation before the earlier of up to one year after the probation terminated or 45 days after the State received notice of the violation. *See supra* note 1. Under IND.CODE 35–38–2–3(c), the issuance of a summons or warrant tolls the period of probation until final determination of the charge.