**Allen J. TAYLOR, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–9606–CR–225.**

Court of Appeals of Indiana.

Jan. 14, 1997.

Susan K. Carpenter, Public Defender, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, for Appellant-Defendant.

## OPINION

STATON, Judge.

Allen Taylor ("Taylor") appeals the revocation of his probation and subsequent incarceration. The dispositive issue on appeal is whether Taylor was properly advised that his probation could be revoked after the probationary period had expired.

We reverse.

The relevant procedural history follows. Taylor pled guilty to failure to provide child support on August 20, 1990. On January 16, 1991, the trial court formally accepted Taylor's plea agreement with the State. Taylor was placed on probation for 1,095 days. Taylor's probation contained numerous conditions including that he pay arrearage during the term of his probation. Taylor's probation expired on January 15, 1994, but he had not paid off the arrearage by that time.

On March 30, 1994, the State filed a probation violation report citing Taylor's failure to pay arrearage. Again, Taylor entered into a plea agreement with the State wherein his probation was continued for an additional two years. On June 20, 1995, the State filed a second probation violation report. Subsequently, Taylor's probation was revoked and he was sentenced to 1,095 days imprisonment. This appeal ensued.

■ We note at the outset that the State has not favored us with a brief. When only the appellant files a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *reh. denied*. This rule "protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id. Prima facie* error is error at first sight, on first appearance or on the face of it. *Finney v. Relphorde*, 612 N.E.2d 191, 192 (Ind.Ct.App.1993).

Taylor attacks his sentence on several grounds. However, we find dispositive his argument that the March 30, 1994 probation revocation was erroneous.

■ Effective July 1, 1990, IND.CODE § 35–38–2–1 provided, in relevant part:

(a) Whenever it places a person on probation, the court shall:

(1) specify in the record the conditions of the probation; and

(2) advise the person that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

Thus, although the State may revoke a person's probation within the earlier of one year or forty-five days after the State receives notice of a violation, *see* IC 35–38–2–3(a)(2), a court must have complied with IC 35–38–2–1. "That is, a court may revoke a defendant's probation after the probationary period expires only if the defendant was advised of the possibility when placed on probation." *Preston v. State*, 591 N.E.2d 597, 598 (Ind.Ct. App.1992). Where a defendant is not advised of this possibility and the State seeks to revoke probation after the probationary period has expired, any subsequent revocation under IC 35–38–2–3(a)(2) is error. *Id.*

■ Turning to the facts of this case, Taylor was initially placed on probation on January 16, 1991. Nowhere in the record is there an advisement which comports with IC 35–38–2–1(a)(2). Accordingly, it was error to revoke Taylor's probation after his initial probationary term had expired. *Preston, supra.* Thus, Taylor was improperly placed on probation for another two years and erroneously incarcerated for violating that probation. The trial court is reversed with instructions to provide for Taylor's immediate release upon certification of this opinion to the Clerk of the Noble County Court.

Reversed.

HOFFMAN and RILEY, JJ., concur.