John KERRIGAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18A02–8811–CR–421.

Court of Appeals of Indiana,
Second District.

July 12, 1989.

Alan K. Wilson, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Wendy
Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

John Kerrigan appeals a judgment ordering the execution of his previously imposed suspended sentence.

We affirm.

## FACTS

On April 14, 1988, Kerrigan pleaded guilty to a charge of burglary, a class C felony,[1] pursuant to a plea agreement. He was sentenced to three (3) years imprisonment; the sentence was suspended and Kerrigan placed on probation. One condition of his probation was that Kerrigan perform 500 hours of community service, beginning that day. Kerrigan failed to perform any community service. On petition and after a hearing, Kerrigan's probation was revoked and his sentence was ordered executed.

## ISSUES

I. Whether it was error for the trial court to revoke Kerrigan's probation based upon a violation of the community service condition when the condition was not given to him in writing at his sentencing.

II. Whether it was error for the trial court to revoke Kerrigan's probation based upon a violation of the community service condition when the court did not set a time limit for completion of the community service.

1. IC 35–43–2–1 (1988).

## DECISION

### I.

### A.

Kerrigan's first argument, that his probation cannot be revoked for violation of a condition which he did not receive in writing at sentencing, depends upon IC 35–38–2–2(b) (1988): "When a person is placed upon probation, the person shall be given a written statement of the conditions of probation." As authority that the omission bars revocation of his probation for any reason other than the commission of another crime, Kerrigan cites *Harder v. State* (1986), Ind.App., 501 N.E.2d 1117; *Lucas v. State* (1986), Ind.App., 501 N.E.2d 480 and *Disney v. State* (1982), Ind.App., 441 N.E.2d 489.

*Harder* and *Lucas* are factually distinguishable. Although the defendant in *Harder* was orally advised of certain probation conditions at his sentencing hearing, the conditions which formed the basis for the revocation of his probation either were not part of the conditions orally imposed at his sentencing or were not sufficiently specific. *Lucas* involves a non-existent order of probation insofar as the order which contained the condition Lucas allegedly violated was not an order of the court.

In *Disney* the defendants contested the validity of a condition of probation contained in an order of probation that the defendant make restitution. Terms of probation were neither orally recited nor provided in writing at the defendant's sentencing hearing. Instead, an order of probation was entered by the court later the same day. A copy mailed to the defendant was received by him approximately one month later.

On appeal, this court ordered the restitution requirement struck from the probation order because it was not contained in the plea agreement. "Thus, if a trial court, as here, accepts a plea recommendation which does not include or specify that restitution or reparation will be made a term of probation, the court may not impose such a condition later." *Disney*, 441 N.E.2d at 494. In addition, this court observed the trial court's failure to specify conditions of provision and provide them in writing at sentencing was error. What *Disney* does not address, nor does *Lucas* and *Harder*, is the effect of the error.

The intent of IC 35–38–2–2(b) is to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing. However, this intent is also achieved if the conditions are specified in the record, as required by IC 35–38–2–1(a) (1988),[2] in the defendant's presence, and the defendant specifically acknowledges he understands the conditions. Thus, although the trial court commits error in not providing the defendant with a written statement of the conditions, the error is harmless if there is otherwise substantial compliance with the intent of IC 35–38–2–2(b).

That is the situation with Kerrigan. Although the trial court did not give Kerrigan a written copy of the terms and conditions of his probation when he was sentenced, the record reveals the trial court orally, on the record, explained the conditions to him, and which Kerrigan acknowledged he understood.[3] Therefore, although the trial court erred in omitting to provide Kerrigan with a written statement of his conditions of probation at sentencing, the error is harmless.

### B.

Kerrigan also argues he was not informed in writing by the trial court as required by IC 35–38–2–2(b) concerning when he was required to commence the community service. Though this omission is error because Kerrigan did not receive written notice, it too is harmless because

---

**2.** IC 35–38–2–1(a) (1988) provides that "[w]henever it places a person on probation, the court shall specify in the record the conditions of the probation...."

**3.** Kerrigan also received a written copy of the conditions from his probation officer later that same day.

the record shows that Kerrigan was orally advised by the trial court at his sentencing hearing that he was to begin his service on that day, and Kerrigan acknowledged he understood that requirement.

> THE COURT: I want the community service to begin today. Do you understand that?
>
> JOHN KERRIGAN: Yes Your honor.
>
>     *    *    *    *    *    *
>
> THE COURT: Begins today. Do you understand the sentence Mr. Kerrigan?
>
> JOHN KERRIGAN: Yes Your Honor I do.

Record at 105.

## II.

Finally, Kerrigan contends the court failed to set a time limit for completion of his 500 hours of community service, and therefore he has three years (the term of his probation) to complete the 500 hours. His argument, however, fails to address the violation for which his probation was revoked: he violated the condition that he *commence* the community service, not that he *complete* it. The record reveals that Kerrigan never performed any of the required service whatsoever.

Judgment affirmed.

BUCHANAN and CHEZEM, JJ., concur.