Michael WHITE, a/k/a Phillip Michael Bryant, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S02–9009–CR–616.

Supreme Court of Indiana.

Sept. 20, 1990.

Alan K. Wilson, Public Defender, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Second District Court of Appeals. Petition to transfer is brought by Appellee State of Indiana following reversal by the Court of Appeals of the trial court's order revoking defendant's probation.

On October 14, 1987, White pleaded guilty, pursuant to a plea agreement, to Battery, a Class A misdemeanor. White received a one-hundred eighty (180) day suspended sentence, a fine of fifty-dollars ($50.00) and costs of one-hundred three dollars ($103.00). The record reflects that the trial court suspended sentence:

> on the condition that defendant make restitution for medical expenses of victim and serves 10 days of Alternative Service. Defendant is to submit to supervised probation for a period of six months and is to have no further arrests or convictions.

*Record* at 21. These terms are also contained in the plea agreement signed by White. On November 5, 1987, White signed and received a copy of the Order of Rules of Supervised Probation and on the same date the court assessed probation user's fees against White.

On March 17, 1988, Phyllis Marlowe, a probation officer, filed a petition to revoke White's probation for failure to pay the costs and fine, failure to serve alternative sentence service, failure to pay restitution,

failure to pay probation user's fees, and for a new arrest. After a hearing on the petition held March 22, 1988, twenty-three days before probation was to expire on April 15, 1988, the court revoked White's probation. In its decision to revoke probation the court made the following remarks in open court:

I'm not concerned about the money involved here. What I'm concerned about is the fact that you don't even give the ten days alternative service.... So the court now revokes the suspended sentence....

*Record* at 104–05. The Court of Appeals found the sole reason given by the trial court for revoking probation was the failure to serve the ten days alternative service and, since the trial court did not include in its conditions of probation a completion deadline for the alternative service, that it was reversible error to revoke probation on that ground. *White v. State*, No. 18A02–8810–CR–359, at 3 (Ind.App. Feb. 15, 1990). The Court of Appeals seemed to reason that since the court did not designate a completion deadline, the defendant had reason to believe he had the entire probation term, in this case until April 15, 1988, to complete the alternative service. Therefore, according to the Court of Appeals, the court would have to await the passing of that date before it could enforce its order.

The resolution of this issue has appeared to be troublesome and in conflict, requiring resolution by this Court. We find the Court of Appeals did not properly resolve the issue in this case, so we vacate the opinion of the Court of Appeals and affirm the trial court.

We first note that to hold that a trial judge must wait until the term of probation has ended before he can find there has been a violation of its terms is wholly impractical because it fails to recognize what probation is and what it is designed to do. Probation is a sentencing tool to be used at the discretion of the sentencing judge to give the defendant an opportunity, in lieu of serving his time in a penal institution, to be free to live in society on condition that he conform his conduct in a manner prescribed by the judge. This

gives the defendant an opportunity to show he is able to rehabilitate himself and become a useful member of society without serving his time in prison. Some of the conditions the judge might, and usually does, set, are that the defendant, in some manner, right the wrongs he has committed. Probation also gives the sentencing court an opportunity to observe the defendant's conduct during this period. If the defendant demonstrates he is not able to so conform his conduct, the court has the authority to revoke the probation and require the defendant to serve his time in a penal institution. However, once the term of probation has expired, the court loses all jurisdiction over the defendant and is powerless to enforce any conditions set even though it is aware the defendant has failed to meet any of them. *Rode v. Baird* (1924), 196 Ind. 335, 144 N.E. 415. Rode entered a guilty plea to a charge of manufacturing intoxicating liquor and was given a suspended six-month sentence contingent on his good conduct and his refraining from violation of the laws pertaining to intoxicating liquors. Fourteen months later, the sentencing court found Rode was convicted of another liquor violation during his term of probation and accordingly revoked his probation and sentenced him to six months at the Indiana State Farm. This Court reversed the trial court, holding that the court's jurisdiction to enforce its judgment of imprisonment expired at the end of the six months period and its assumption of power to act after that time was without authority of law. *Id.* at 339, 144 N.E. at 415–16 (citing *Sutton v. State* (1924), 194 Ind. 479, 143 N.E. 353). *See also Sandy v. State* (1986), Ind.App., 501 N.E.2d 486, 487.

Thus, if a court's authority to revoke probation is to have any meaning at all it must be interpreted to provide that the sentencing judge has an opportunity to look at the progress of the defendant before the expiration of his term and reassess his judgment of allowing defendant to remain on probation. Certainly it cannot be said the defendant is not aware of this. This is not to say that when a trial judge recognizes he made a mistake or omitted

something in the original probation order, he can take an illegal shortcut to right it. However, in interpreting the acts of the legislature, we must view them in continuity with the law as it existed giving meaning to the plain language used in those acts.

The relevant statutes governing probation in the instant cause are:

Whenever it places a person on probation, the court shall: (1) specify in the record the conditions of the probation.... IC 35–38–2–1(a).

When a person is placed on probation, the person shall be given a written statement of the conditions of probation. IC 35–38–2–2(b).

As conditions of probation, the court may require the person to do any combination of the following: ... (14) satisfy other conditions reasonably related to the person's rehabilitation. IC 35–38–2–2(a)(14).

A probation officer shall: (1) conduct prehearing and presentence investigations and prepare reports as required by law; (2) assist the courts in making pretrial release decisions; (3) assist the courts, prosecuting attorneys, and other law enforcement officials in making decisions regarding the diversion of charged individuals to appropriate non-criminal alternatives; (4) furnish each person placed on probation under his supervision a written statement of the conditions of his probation and instruct him regarding those conditions; (5) supervise and assist persons on probation consistent with conditions of probation imposed by court; (6) bring to the court's attention any modification in the conditions of probation considered advisable.... IC 11–13–1–3.

In his dissent in the instant case, Judge Conover reasoned:

The trial judge's order specifies White was placed on "supervised probation for a period of six months[,]" not unsupervised probation. The clear implication of this order is he was to serve his alternative service when told to do so by the probation officer, the person supervising his probation. His failure to follow orders is sufficient for revocation. The

courts run probation and its terms, those who receive the benefits of it do not. *White, supra* (Conover, J., dissenting). We agree.

■ The judge sets the "conditions of probation" and the probation officer supervises and assists the defendant in implementing and carrying out those conditions. The "condition" here was that the defendant do ten days of alternative service. Certainly, it was understood by all that it was to be done within the six month period that expired on April 15, 1988. The judge was not required to include in his order the specific dates on which this service was to be done any more than he would be required to specify when and where, with whom, and the particular kind of service. Those specifics are not "conditions of probation" but are details in the implementation and execution of the order. The purpose of the office of Probation Officer is to assist in carrying out the conditions by finding a particular agency that has the ability and interest to provide the means of performing the service. The probation officer did so in this case. White was instructed by the probation officer to report to the housing authority to perform his alternative service. He received these instructions early in November, 1987, and was requested to complete them by November 20, 1987. He failed to do this up to and including March 22, 1988. It was not the trial judge's responsibility to locate the housing authority or any other agency and provide for arrangements to have White perform the service with them and to include this in the probation order. It would be wholly impractical for a judge to do this and it was for this purpose that the position of Probation Officer was created. Therefore, the judge would be unable to fix the details of when, where, and how, but would delegate authority to the probation officer who would see to the plan's implementation. That is what the trial judge did here and the defendant was so informed. Twenty-three days prior to the expiration of his probation period, the sentencing judge found White had not complied with any of the conditions of probation. He

stated that even excluding the violation of the order to pay money, the violation of the alternative service requirement merited revocation of probation. The trial judge was within his jurisdiction to do so.

■ White further alleged the court erred in failing to provide him with written notice of any of the conditions of probation at the time of sentencing as required by IC 35–38–2–2(b). The sentencing hearing took place October 14, 1987, and White did receive his written conditions of probation on November 5, 1987. In *Kerrigan v. State* (1989), Ind.App., 540 N.E.2d 1251, the court found the intent of IC 35–38–2–2(b), to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing, is met if the conditions are specified in the record as having been given in open court in the defendant's presence and the defendant specifically acknowledged he understood those conditions. The Court of Appeals found although the trial court committed error in not providing the defendant a written statement of conditions, it was harmless error since there was substantial compliance with the intent of the statute. *Id.* at 1252. The same compliance is apparent here and we find no reversible error on this ground. Furthermore, White did receive his written instructions on November 5, having ample time to comply with them. *Ratliff v. State* (1989), Ind.App., 546 N.E.2d 309, 311.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DICKSON, J., dissents with separate opinion in which DeBRULER, J., concurs.

DICKSON, Justice, dissenting.

Defendant White received a 180 day suspended sentence on 10/14/87 after pleading guilty to battery, a Class A misdemeanor. The trial court later revoked White's probation, before 180 days elapsed, due to his non-performance of 10 days of alternative service within the time deadline orally set by a community service coordinator. The Court of Appeals reversed because the trial court never informed White orally or in writing that the alternative service was to be completed by a specific date, in accordance with *Harder v. State* (1986), Ind. App., 501 N.E.2d 1117. The *Harder* court held that failure to inform the defendant of the specific date on which his user's fees were due was error in that it was not sufficiently specific to fully inform him of the conditions of his probation.

The majority position is inconsistent with the following statutory provisions then in effect governing probation which required:

Ind.Code § 35–38–2–1(a). Whenever it places a person on probation, the court shall specify in the record the conditions of the probation.

Ind.Code § 35–38–2–2(b). When a person is placed on probation, he shall be given a written statement of the conditions of his probation.

These statutes clearly contemplate that the defendant at sentencing be notified as to all conditions of probation, which necessarily include completion dates of alternative service. The majority's interpretation of "supervised probation" grants an unintended discretion to the probation officer to set deadlines, where the court has not imposed any, and serves to obliterate the notice-giving purpose of the probation statutes.

Here, neither the plea agreement nor the sentencing record reflect that White was to complete the alternative service prior to April 15, 1988, the time at which his probation was to terminate. If the trial court had intended to specify a deadline as to the completion of alternative service, the statutes appear to require the court to do so at sentencing and to provide the defendant with a written statement of the condition. However, two recent cases have relaxed the requirement of a writing if the written record contains the court's full oral explanation of conditions and the defendant's acknowledgement. *Kerrigan v. State* (1989), Ind.App., 540 N.E.2d 1251; *Ratliff v. State* (1989), Ind.App., 546 N.E.2d 309.

In the present case, however, there was no such oral explanation by the trial court.

Its failure to specify a date for completion of alternative service did not sufficiently inform White of a condition of his probation. White thus had until April 15, 1988, the expiration of probation, to complete his alternative service. The trial court prematurely revoked his probation on March 22, 1988, and thereby denied him the opportunity to satisfy the requirement of alternative service. The Court of Appeals is correct. I would deny transfer.

DeBRULER, J., concurs.