**Vincent LAYNE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A05–9701–CR–37.**

Court of Appeals of Indiana.

Feb. 26, 1998.

---

Alan K. Wilson, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Vincent Layne appeals the revocation of his probation. The sole issue raised for our review is whether the trial court erroneously revoked his probation after it failed to inform him at the time of sentencing of the statutory time frame within which the State may file a petition to revoke probation. We affirm.

The facts most favorable to the judgment follow. On July 13, 1995, Layne plead guilty to forgery, a class C felony. On August 17, 1995, the trial court sentenced him to four years, suspended two years, and placed him on probation for two years.

On September 10, 1996, while Layne was still on probation, the probation department filed a petition for revocation of probation. On October 24, 1996, an evidentiary hearing was held on the petition. During the hearing, Buddy Townsend, Layne's probation officer, testified that Layne, contrary to the conditions of his probation, had failed to pay monthly user's fees, court costs, and restitution; that he had tested positive for cocaine and marijuana in a drug test on July 12, 1996; that he had failed to take another drug test on July 30, 1996; that he was neither employed nor in school; and had failed to pay child support for his son. On October 28, 1996, the trial court found that Layne had violated the terms of his probation and entered a revocation order.

The sole issue raised for our review is whether the trial court erroneously revoked Layne's probation when Layne was not informed, during his sentencing, of the statutory time frame within which a revocation petition may be filed. Indiana Code § 35–38–2–1 provides, in part:

"(a) Whenever it places a person on probation, the court shall:

(1) specify in the record the conditions of the probation; and

(2) advise the person that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation."

Similarly, I.C. § 35–38–2–2.3(b) provides that the trial court shall give the defendant a written statement of the conditions and the time limits for the filing of a petition for revocation. Layne maintains that because the trial court, during the sentencing hearing, failed to recite the time limits within which a revocation petition may be filed and failed to give him a written statement of the

time limits, the trial court could not properly revoke his probation. We disagree.

■ We have previously held that a trial court has no jurisdiction to revoke a defendant's probation after the expiration of the probationary period unless the defendant has received notice that the trial court may do so. *Preston v. State*, 591 N.E.2d 597, 598 (Ind.Ct. App.1992) (holding that a trial court may revoke a defendant's probation after the probationary period expires only if the defendant had been advised of that possibility when placed on probation); *see also Taylor v. State*, 675 N.E.2d 1128, 1129 (Ind.Ct.App. 1997). In other words, for the trial court to have the jurisdiction to revoke a defendant's probation after the expiration of the probationary period, the defendant must have been informed of the statutory time limits on such a petition.

■ However, we decline to apply these cases to the facts before us. Here, the petition to revoke Layne's probation was filed during his probationary period, rather than after the expiration of his probation. Thus, the requirement to notify him of the one year deadline is of no consequence to Layne. However, the requirement that Layne be notified that the petition must be filed within 45 days of the State's receiving notice of the violation does apply to the present facts. *See* I.C. § 35–38–2–1(a)(2)(B). While the trial court did not specifically inform Layne of the 45–day time limit, the trial court did notify him at the sentencing hearing that "if you violate any of these conditions during your probation, the Court may notify you and hold a hearing. And if a hearing is held the court may revoke your probation and order an executed sentence. . . ." Record, p. 89.

We have previously held that failure to comply with the statutory notification requirements when placing a person on probation is harmless if there is "substantial compliance with the intent of the statute." *Menifee v. State*, 600 N.E.2d 967, 969 (Ind. Ct.App.1992), *reh'g denied.* We have also held that failure to comply with a statutory guideline for placing a defendant on probation is harmless error where it does not prejudice the defendant or deny the defendant of a fundamental right. *Boyd v. State*, 481 N.E.2d 1124, 1125 (Ind.Ct.App.1985).

Here, although the trial court did not specifically notify Layne that the petition for revocation must be filed within 45 days of the State's receipt of notification of the violation, it did notify Layne of the potential consequences of a probation violation. Thus, as far as the intent of the statute to provide the defendant with the information needed to modify his future behavior, the trial court's statement constitutes substantial compliance.

Further, Layne offers no explanation as to how he was prejudiced by not being informed of the 45–day time limit other than it left him "in an uncertain state concerning the status of his probation." Appellant's brief, p. 7. In further specifying the prejudice he may have experienced, he states:

"[Layne], for instance, allegedly failed a drug test on July 12, 1996, but a revocation petition based partially on that drug test was not filed until almost two months later. When the Defendant was ordered to take another drug test on July 30, 1996, he may well have believed that his previous failure to pass a drug test was being overlooked. An explicit statement from the Court about the time limits for the filing of a revocation petition would have apprised the defendant that a violation of a condition of probation could be addressed long afterwards."

Appellant's brief, p. 9.

■ The possibility that Layne may have been misled to think that his probation violation had been temporarily "overlooked" does not constitute prejudice. There is no requirement that a petition for revocation be filed every time there is a violation of a term of probation. Thus, uncertainty about whether the State would seek revocation would be present regardless of his awareness about the 45–day time limit. Furthermore, Layne fails to offer an explanation as to how such "uncertainty" was in fact prejudicial to him under these circumstances.

Therefore, because we conclude that the trial court substantially complied with the intent of the statute by informing Layne of the consequences of a probation violation and because Layne has not shown prejudice or the denial of a fundamental right, we hold that the trial court's failure to inform Layne of the 45–day time limit was harmless error.

See Boyd, 481 N.E.2d at 1125. Consequently, the trial court's revocation of Layne's probation was not erroneous.

For the foregoing reasons we affirm the revocation of Layne's probation.

Affirmed.

RUCKER and FRIEDLANDER, JJ., concur.