Neal L. SEALS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–9807–CR–563.

Court of Appeals of Indiana.

Oct. 27, 1998.

Geoffrey A. Rivers, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, J.T. Whitehead, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Neal L. Seals appeals the revocation of his probation. He raises two issues on appeal, which we consolidate and restate as one:

whether the trial court abused its discretion by revoking Seals' probation even though he did not receive a written statement of the conditions of his probation.

We affirm.

Seals was convicted of Burglary, and he received a three. year suspended. sentence. The court placed Seals on probation and, during the sentencing hearing, orally informed him of his obligation, as a condition of probation, to "report to [his probation officer] as directed." Record at 32. Seals indicated that he understood this and the other conditions of probation. Seals did not receive a written statement of the conditions of his probation. Thereafter, the State sought to revoke Seals' probation because he failed to report to his probation officer.

Seals' probation officer, Thomas Ashley, testified at the revocation hearing. Ashley testified that, following Seals' release from jail, he contacted Seals and told him to report to Ashley's office. Seals never reported to Ashley. Approximately two months after Seals' sentencing, Ashley filed a probation violation. Following a hearing, Seals' probation was revoked; this appeal ensued.

■ The decision to grant probation is a matter within the sound discretion of the trial court. *Isaac v. State*, 605 N.E.2d 144, 146 (Ind.1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). The court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* Probation revocation is governed by IND.CODE § 35–38–2–3 (Supp.1997). A revocation hearing is in the nature of a civil proceeding, and the alleged violation need be proven only by a preponderance of the evidence. *Id.* at 147.

■ Seals contends that the trial court's failure to provide him with a written statement of the conditions of his probation precluded it from revoking his probation. IND. CODE § 35–38–2–2.3(b) (Supp.1997) requires that a person placed on probation be given a written statement of the conditions of probation at the sentencing hearing. However, the failure to provide a probationer with a

written statement is harmless where the record reflects that the probationer has been orally advised by the sentencing court of the conditions of his probation and where the defendant specifically acknowledges that he understands those conditions. *White v. State*, 560 N.E.2d 45, 48 (Ind.1990); *Malone v. State*, 571 N.E.2d 329, 331 (Ind.Ct.App. 1991); *Atkins v. State*, 546 N.E.2d 863, 865 (Ind.Ct.App.1989); *Ratliff v. State*, 546 N.E.2d 309, 311 (Ind.Ct.App.1989), *trans. denied; Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind.Ct.App.1989). In *Ratliff*, we held that for an oral advisement to be sufficient, it must "1) apprise the defendant in adequately definite terms of the behavior required of him, 2) be addressed to the defendant, 3) be administered by the sentencing court, and 4) be identified as conditions of the defendant's *continued* probation." 546 N.E.2d at 311 (emphasis in original).

■ Here, the sentencing court informed Seals that he was required as a condition of his probation to "report to Mr. Ashley as directed." Seals indicated that he understood this condition. Following the sentencing hearing, Ashley contacted Seals and ordered him to report to Ashley's office. Seals did not report or otherwise contact Ashley. Therefore, Seals failed to comply with a condition of which he was aware—that he report "to Mr. Ashley as directed," and the trial court's failure to provide a written statement was harmless.

Seals attempts to distinguish the facts of his case from other cases which have held that the court's failure to provide a written statement at the sentencing hearing was harmless. In both *Kerrigan* and *White*, the probationer had received a written statement of the conditions prior to committing the act or omission which resulted in his probation being revoked. 540 N.E.2d at 1252, n. 3, 560 N.E.2d at 47. Although the trial court had not complied with IC 35–38–2–2.3(b)[1] in either of those cases by failing to provide a written statement at the sentencing hearing, the probationers did receive the conditions of probation in writing prior to making their decision to violate those terms. In this case,

1. At the time of those cases, the statute was codified at IC 35–38–2–2(b).

Seals never received the conditions in writing.

In support of his argument that this factual difference is significant, Seals cites a footnote in *Ratliff* in which this court opined: "... the probationer cannot suffer any penalty for conduct which violates the conditions occurring prior to his receipt of the written statement other than for conduct constituting a crime." 546 N.E.2d at 313, n. 5. We think this dicta in *Ratliff* is inconsistent with our other holdings on this issue, and we decline to follow it. In *Kerrigan*, we held that the intent of the statutory requirement of a written statement of the conditions of probation is to "provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing." 540 N.E.2d at 1252. We went on to hold that "this intent is also achieved if the conditions are specified in the record ... in the defendant's presence, and the defendant specifically acknowledges that he understands the conditions." *Id.* Thus, the underlying intent of IC 35–38–2–2.3(b) may be met regardless of whether a probationer ever receives a written statement, and the failure to provide a probationer with a written statement prior to the act or omission which results in the revocation may be harmless. *See also, Layne v. State,* 691 N.E.2d 1305, 1307 (Ind.Ct.App.1998) (failure to comply with a statutory guideline for placing a defendant on probation is harmless where defendant is not prejudiced or denied a fundamental right).

Seals also argues that the trial court's oral condition that he "report to Mr. Ashley as directed" is vague and ambiguous because it does not specify when or how often Seals was to report to the probation officer. Our supreme court has held that a sentencing court need not establish precise dates for completing a condition of probation. *White,* 560 N.E.2d at 47. The purpose of the probation officer is to assist the trial court in carrying out the conditions of probation. *Id.* Thus, the supreme court held that a probation officer's order that a probationer complete a condition of probation on a specific date, prior to the expiration of the probation-

ary term, is binding, and the defendant's probation may be revoked where he fails to comply with that order. *Id.* at 47–48. In this case, Ashley directed Seals to report to Ashley's office. Ashley was empowered to so order Seals by the term of probation that Seals "report to Mr. Ashley as directed." Seals failed to do so, and, as a result, the court revoked his probation. We cannot say that the trial court abused its discretion in doing so.

Affirmed.

KIRSCH and ROBB, JJ., concur.