STATE of Indiana, Appellant–Plaintiff,

v.

Theodore L. ALLEN, Appellee–
Defendant.

No. 61A04–0309–CR–473.

Court of Appeals of Indiana.

June 3, 2004.

Transfer Denied Sept. 10, 2004.

Stephen R. Carter, Attorney General of
Indiana, Monika Prekopa Talbot, Deputy
Attorney General, Indianapolis, IN, Attor-
neys for Appellant.

Adam N. Cook, Terre Haute, IN, Attor-
ney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant State of Indiana
("the State") appeals from the trial court's
order granting Defendant–Appellee Theo-
dore L. Allen's ("Defendant") motion to
dismiss the notice of probation violation.

On April 30, 1999, the State charged
Defendant with Count I, Maintaining a
Common Nuisance, a Class D felony;
Count II, possession of marijuana, a Class
D felony, and Count III, possession of
paraphernalia, a Class A misdemeanor.
The State also charged Defendant with
being an habitual offender. Defendant
pled guilty to maintaining a common nui-
sance, a Class D felony, and to possession
of marijuana, a Class A misdemeanor. On
February 24, 2003, the trial court sen-
tenced Defendant to a term of three years
for maintaining a common nuisance, and
to a term of one year for possession of
marijuana. The trial court ordered the
sentences to be served concurrently. De-
fendant was ordered to serve one year ex-
ecuted with the remaining two years to be
suspended with Defendant placed on pro-
bation.

The trial court advised Defendant from
the bench of the conditions of probation as
follows:

> You of course shall not violate any of the
> laws of the United States, the State of
> Indiana, or any other municipality where
> you may be located, Mr. Allen. You will
> maintain employment during the time
> that you are on probation. Work faith-
> fully during that time. You will undergo
> any suitable medical or psychological

treatment ordered by the Court, particularly in this case a drug and alcohol or substance abuse treatment program. You will pay your costs of $132.00. I am not going to assess a fine in this matter. You shall not possess any controlled substances unless they are prescribed for you by a practicing physician. You will pay an initial user's fee of $100.00 and $15 for each month that you are on probation. Report to the Probation Officer once a month or whatever interval they require you to report after you have initially started that. Remain within the jurisdiction of the Court and not change your place of residence without permission from this Court. You will allow the Probation Department to visit you in your home or elsewhere and make any reasonable inquiry about your activities or anyone that you may be with and if reasonable suspicion exists you will submit to a search of your person and property. You will be required to have a substance abuse assessment completed by a substance abuse treatment center, then you'll complete any type of program or treatment—education program that that assessment indicates that you're supposed to do. You'll do that at your own expense. You'll also be required to submit to random drug and alcohol testing during the time that you're on probation. You will pay a drug abuse, prosecution, interdiction, and correction fee in the amount of—I'm only going to charge you the $500.00 fee, Mr. Allen, because I think you're going to have several other expenses that you're going to have to pay along with this. And your driver's license will be suspended for 180 days, which is the minimum under this statute, it's my understanding.

Tr. of February 24, 2003, hearing, p. 7–8. The judge pro tempore announced that the above was the order of the court, and then asked Defendant questions about when he could report for work release. *Id.* at 8.

On June 16, 2003, the State filed a probation violation against Defendant, alleging that Defendant tested positive for marijuana. On August 19, 2003, the regular judge held a hearing wherein the Defendant orally moved for a dismissal of the probation violation, alleging that he never signed or received the written conditions of probation. On August 20, 2003, Defendant filed a motion to dismiss probation violation. The State filed a response to Defendant's motion to dismiss on August 22, 2003. On August 26, 2003, the trial court held another hearing on the probation violation and Defendant's motion to dismiss. At that hearing, the trial court granted Defendant's motion to dismiss the probation violation. The trial court then provided Defendant with a written copy of the conditions of his probation which Defendant was to sign after reading.

This appeal ensued.

The State claims that the trial court committed reversible error by granting Defendant's motion to dismiss the notice of probation violation. The State argues that even though Defendant did not receive a written copy of the conditions of his probation, as required, the trial court's oral advisement at sentencing satisfied that requirement in this instance.

Ind.Code § 35–38–2–2.3(b) provides as follows:

(b) When a person is placed on probation, the person shall be given a written statement specifying:

(1) the conditions of probation; and

(2) that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

A panel of this court, when addressing an issue involving a prior version of this statute, stated that the intent of the statute is to provide a defendant with prospective notice of the standard of conduct required of him while on probation and to prohibit the imposition of additional conditions after sentencing. *See Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind.Ct.App.1989). The panel went on to state that the intent of the statute is achieved if the conditions are specified in the record, also as required by statute, in the defendant's presence, and the defendant specifically acknowledges he understands the conditions. *Id.* The panel concluded by finding that a trial court errs when if fails to provide a defendant with a written statement of the conditions of probation, but the error is harmless if there is substantial compliance with the intent of the statute. *Id.*

In *Boyd v. State*, 481 N.E.2d 1124 (Ind. Ct.App.1985), a panel of this court examined a challenge to a probation violation based upon the trial court's failure to read the probation conditions into the record, and the failure to provide Boyd a written statement of the terms of probation at the sentencing hearing. Boyd testified that he signed and executed those terms on the same day as the hearing, that he had read and understood them, and that he received a copy of those conditions. A panel of this court held that the trial court's error in failing to comply with the statutes was harmless error because there was no prejudice to Boyd. *Id.* at 1126.

In *Kerrigan*, the defendant challenged a probation violation due to the trial court's failure to provide him with a written copy of the conditions of his probation at the time of his sentencing. A panel of this court found that although the trial court erred by failing to provide the defendant with a written copy of the conditions of his probation at the sentencing hearing, the error was harmless because the trial court orally advised the defendant of the conditions at the hearing, the defendant acknowledged that he understood the conditions, and the defendant received a written copy of the probation conditions later that day. 540 N.E.2d at 1252.

In *Ratliff v. State*, 546 N.E.2d 309 (Ind. Ct.App.1989), the defendant challenged a probation violation because the trial court failed to specify the conditions of his probation in the record, and the defendant did not receive a written copy of the conditions of his probation at the sentencing hearing. A panel of this court held that the failure to provide a written copy of the probation conditions at the sentencing hearing was error, but then examined the trial court's oral advisement. 546 N.E.2d at 311. The panel held that in order to be sufficient, for purposes of rectifying the lack of written conditions, the trial court's oral advisement must apprise the defendant in adequately definite terms of the behavior required of him, be addressed to the defendant, be administered by the sentencing court, and be identified as conditions of the defendant's continued probation. *Id.* The panel reversed the trial court's decision to revoke that defendant's probation because the oral advisement amounted to a discussion between the trial court and the State about the terms of the plea agreement. Furthermore, although not commented upon by the panel, the defendant did not acknowledge that he understood the conditions of his probation.

In *Atkins v. State*, 546 N.E.2d 863, 866 (Ind.Ct.App.1989), a panel of this court found that the defendant's probation could not be revoked on the basis of a condition only specified in the written terms of

shock probation given to the defendant by his probation supervisor four days after his sentencing.

In *White v. State*, 560 N.E.2d 45, 48 (Ind.1990), our supreme court cited with approval the opinion of this court in *Kerrigan*, holding that the failure to provide a defendant with written conditions of probation at the sentencing hearing is harmless error, if the court specifies the conditions in the record in open court in the defendant's presence and the defendant specifically acknowledges that he understands those conditions. In *White*, the defendant received a written copy of the probation conditions later.

In *Malone v. State*, 571 N.E.2d 329 (Ind. Ct.App.1991), a panel of this court reviewed a challenge to a probation revocation where the defendant did not receive a written copy of the conditions of her probation at sentencing. The trial court took the defendant's plea under advisement pending the preparation of a pre-sentence report. The trial judge indicated that he would make the rules of probation, and the defendant indicated that she knew the procedure. The trial court gave the defendant an oral advisement of the conditions of her probation which the defendant accepted in open court. The panel found that the omission of a written copy of the conditions of probation amounted to harmless error, because the oral advisement was sufficient. *Id.* at 331.

In *Layne v. State*, 691 N.E.2d 1305 (Ind. Ct.App.1998), a panel of this court addressed a challenge to a probation revocation based upon the trial court's failure to advise the defendant of the time frame within which a probation revocation petition could be filed. The defendant did not receive a written copy of the conditions of his probation. The panel held that the error was harmless because the trial court advised the defendant orally of the conse-

quences of violating the terms of his probation, even though it did not inform him of the specific time frame for bringing the petition. *Id.* at 1307. There was substantial compliance with the statute, and that defendant did not show how he was prejudiced by the omission.

In *Seals v. State*, 700 N.E.2d 1189 (Ind. Ct.App.1998), the defendant was orally advised of the conditions of his probation, but did not receive a written copy of the conditions of his probation. The defendant's challenge to his probation revocation was unsuccessful because the defendant indicated that he understood the conditions of his probation in open court. *Id.* at 1190.

In the present case, Defendant never received a written copy of the conditions of his probation prior to his alleged violation of probation. Although the oral advisement of the conditions of probation is fairly specific, there is no evidence in the record showing Defendant's acknowledgement and understanding of the conditions of his probation. The trial judge pro tempore announced that the oral advisement was the order of the court and then turned to the issue of when Defendant could report for work release. The judge did not ask Defendant if he acknowledged and understood the conditions. For the error to be harmless, as the State suggests, the record would need to indicate such. *See White*, 560 N.E.2d at 48; *Seals*, 700 N.E.2d at 1190; *Kerrigan*, 540 N.E.2d at 1252.

The trial court did not err by ordering the dismissal of the notice of probation violation.

Affirmed.

NAJAM, J., and DARDEN, J., concur.