## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 26 2018, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kody Russell Oliver, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 26, 2018 <br><br> Court of Appeals Case No. 71A03-1711-CR-2739 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Elizabeth C. Hurley, Judge <br><br> Trial Court Cause No. 71D08-1112-FB-209 |

**Bailey, Judge.**

# Case Summary

Kody Russell Oliver ("Oliver") challenges the revocation of his probation, arguing that the terms of his probation were unenforceable against him.

We affirm.

# Facts and Procedural History

In August of 2012, Oliver pleaded guilty to Child Molesting, as a Class C felony. Thereafter, the trial court sentenced Oliver to six years of incarceration, with all six years suspended to probation. The court's written sentencing order specified that Oliver was "told that he must register as a sex offender and sign sex offender special conditions." Appellant's App. Vol. II at 73.[1]

At some point, Oliver signed a document titled "Terms of Probation of the St. Joseph Circuit and Superior Courts." *Id.* at 152. The document contains handwritten conditions, with lines that appear to state: "Obey Sex Off Spec Cond." *Id.* Oliver also signed a document titled "Conditions of Probation for Adult Sex Offenders," and initialed conditions throughout the document. *Id.* at 153-156. One of the initialed conditions obligates Oliver to "attend, actively participate in and successfully complete a court-ordered sex offender treatment

---

[1] We have not received a transcript of the sentencing hearing.

program as directed by the court." *Id.* at 154. Another initialed condition provides that Oliver must "submit to random drug/alcohol testing." *Id.* at 155.

On September 1, 2016, the State filed a petition to revoke Oliver's probation, which it later supplemented with an addendum. The petition alleged, *inter alia*, that Oliver had failed to complete a sex offender treatment program and had failed to submit to a drug screen. After holding a hearing, the court determined that Oliver had violated these two conditions of probation, and ordered Oliver to serve two years of his sentence in the Indiana Department of Correction.

Oliver now appeals.

# Discussion and Decision

The trial court "may revoke a person's probation if . . . the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3. The court's "probation decision is subject to review for abuse of discretion," which occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012).

Oliver does not dispute that he failed to complete sex offender treatment and failed to submit to a drug screen. He instead argues that these were not enforceable conditions of his probation.[2] In so arguing, Oliver appears to

---

[2] The State argues that Oliver has waived this argument; we elect to address the merits of Oliver's appeal.

chiefly rely on Indiana Code Section 35-38-2-2.3(b),[3] which provides that "[w]hen a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation." According to Oliver, the court failed to give a proper written statement at the time he was placed on probation. Oliver also asserts in a footnote that being told to sign conditions "is not the same as being advised" of the conditions. Appellant's Br. at 7.

[9] However, even assuming *arguendo* that the court failed to comply with the probation statute, any error "is harmless if there is otherwise substantial compliance with the intent of the statute." *Menifee v. State*, 600 N.E.2d 967, 969 (Ind. Ct. App. 1992), *clar'd on denial of reh'g*. We have concluded that the intent behind the "statutory requirement of a written statement . . . is to 'provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing.'" *Seals v. State*, 700 N.E.2d 1189, 1191 (Ind. Ct. App. 1998) (quoting *Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989)).

[10] Here, the written sentencing order indicates that Oliver was "told that he must register as a sex offender and sign sex offender special conditions." Appellant's App. Vol. II at 73. At some point thereafter, Oliver signed two documents— one indicating that he was to obey sex offender special conditions, and another setting forth those conditions. Thus, the record before us indicates that Oliver

---

[3] Oliver directs us to Indiana Code Section 35-38-2-2(b), which has been repealed.

was adequately apprised of the conditions of his probation, and he has at most directed us to harmless error. *See* Ind. Trial Rule 61. We accordingly conclude that the trial court did not abuse its discretion in revoking Oliver's probation.

Affirmed.

Crone, J., and Brown, J., concur.