## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2018, 6:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad Kraemer,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

September 21, 2018

Court of Appeals Case No.
18A-CR-731

Appeal from the Vigo Superior
Court

The Honorable Michael J. Lewis,
Judge

Trial Court Cause No.
84D06-1702-F1-562

**Brown, Judge.**

Chad Kraemer appeals from the trial court's order imposing his sentence. We affirm.

### Facts and Procedural History

On January 11, 2018, the court held a hearing at which Kraemer stated he wished to plead guilty pursuant to a plea agreement to neglect of a dependent as a level 5 felony, two counts of neglect of a dependent as level 6 felonies, and failure to make a report as a class B misdemeanor.

On February 22, 2018, the court held a hearing at which it asked Kraemer if he understood that, after sentencing, he would have to provide a DNA sample, and Kraemer responded affirmatively. The court asked Kraemer if he understood that, if he was granted any period of probation, he would be waiving his rights under the United States Constitution and the Indiana Constitution as to his person, vehicle, residence, cell phones, computers, and other electronic storage and communication devices and that, at any time and without notice, probable cause, or a search warrant, any of those can be searched and that he was consenting that anything that showed up could be used against him, and Kraemer again responded affirmatively. The court asked, "usually when . . . you're on probation you could be . . . asked to do drug screens and . . . [if] anything shows up it could be used against you at a later date or hearing, do you understand that," and Kraemer stated, "[y]es, sir." Transcript Volume II at 13. The court advised Kraemer of the rights he would be giving up by pleading guilty and of the sentencing ranges for the charged offenses. Kraemer pled guilty pursuant to the plea agreement.

[4] The prosecutor stated, in presenting the factual bases for the pleas, that Kraemer knowingly placed dependent children in a situation that endangered their life or health and that three children had tested positive for methamphetamine. Kraemer testified that he could live with his grandfather if he were not in jail, that his children were six and three years old, and that he used methamphetamine every other day at the time of the offenses. He indicated that he pled guilty in 2004 to driving without a license as a class C misdemeanor and was sentenced to one year of probation. When asked "you understand part of what you've admitted to is failing to make a report and also bringing drugs into a home of . . . a child that later died, are you aware of that," Kraemer answered "[y]es, sir." *Id*. at 26. Kraemer indicated that he was asking the court to consider allowing him to be placed on probation. When asked "[y]ou understand that if you do that the Court will set a list of conditions you'll have to comply with," Kraemer replied affirmatively, and when asked "[a]nd that if you failed to do that the Court can revoke you and you'll go to prison," he replied "[y]es, sir." *Id*. at 27.

[5] The court found as aggravators that all of the children were less than fourteen years of age, one of the children was disabled, two of the children were Kraemer's own children, and each of the children tested positive for methamphetamine. At sentencing, the court stated "[e]ach one of them had meth in their system um, and C.H. died. But he didn't die from the meth in his system, he died because of other matters that we've previously had a trial on." *Id*. at 40. The court found Kraemer's limited criminal history to be a mitigator.

It found the aggravating factors outweighed the mitigating factor, sentenced Kraemer to five years for his level 5 felony, two years for each of his level 6 felonies, and 180 days for his class B misdemeanor, and ordered the sentences for the felony convictions to be served consecutively for an aggregate sentence of nine years. The court asked Kraemer if he understood that he was waiving his constitutional rights while on probation as previously discussed, and Kraemer responded affirmatively. The court informed Kraemer that, once he was at the Department of Correction (the "DOC"), he would have to provide a DNA sample.

[6] The court's order provides: "Five (5) years of said sentence shall be executed at the [DOC], two (2) years of said sentence shall be served as a direct commitment to Vigo County Community Corrections In-Home Detention Program. The balance of said sentence shall be suspended and [Kraemer] shall be placed on formal probation for two (2) years." Appellant's Appendix Volume II at 104. The order further provides:

> In addition to the standard terms of probation, [Kraemer] shall:
>
> If not serving an executed sentence [Kraemer] is Ordered to report to the Vigo County Sheriff's Office within seven (7) business days of this date and provide a DNA sample, pursuant to I.C. 35-38-1-27.
>
> [Kraemer] shall be subject to the rules and regulations of Vigo County Adult Probation for the balance of his probationary term, including payment of all probation user's fees.

*Id*. at 105.

## *Discussion*

[7] Kraemer claims that the trial court erred in not issuing a home detention order under Ind. Code § 35-38-2.5-6 and in not providing him with notice of the terms of his probation under Ind. Code §§ 35-38-2-1 and -2(b).[1] The State responds that Ind. Code § 35-38-2.5-6 does not apply to a direct placement on home detention, even if the statute did apply the trial court has ample time to advise Kraemer of the terms of his placement, the court's oral and written advisements together satisfy Ind. Code § 35-38-2-1, and Ind. Code § 35-38-2-2.3(b) is satisfied as long as Kraemer receives a written statement of the terms of his probation before his probationary term begins.

[8] Kraemer essentially claims he should have been provided with a written statement of the exact terms of his home detention and probation at the time of sentencing. With respect to home detention, Ind. Code § 35-38-2.5-6, cited by Kraemer, provides that an order for home detention "under section 5 of this chapter" must include certain terms.[2] Ind. Code § 35-38-2.5-5, in turn, relates

---

[1] Kraemer cites Ind. Code § 35-38-2-2, which was repealed by Public Law No. 1-1991, § 197 (1991). Ind. Code § 35-38-2-2(b) (1990) provided: "When a person is placed on probation, the person shall be given a written statement of the conditions of probation." Ind. Code § 35-38-2-2.3 was initially enacted by Public Law No. 1-1991, § 198 (1991). Ind. Code § 35-38-2-2.3(b) currently provides: "When a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation . . . ."

[2] The statute provides that the order must include, among other things, a requirement that the offender be confined to the offender's home except during certain times such as during approved employment, notice that a violation may subject the offender to prosecution for escape, and requirements that the offender abide by a schedule prepared by a probation department or community corrections program, not commit another crime, obtain approval before changing residences, maintain a working telephone and if ordered a monitoring

to home detention as a condition of probation. Here, the court ordered that Kraemer serve two years as a direct commitment to the Vigo County community corrections in-home detention program and not as a condition of probation. Ind. Code §§ 35-38-2.6 relate to direct placement in a community corrections program, and Ind. Code § 35-38-2.6-4.5 provides that, if a court places a person on home detention as part of a community corrections program, the placement must comply with all applicable provisions in Ind. Code §§ 35-38-2.5. Even assuming Ind. Code § 35-38-2.5-6 is an applicable provision, reversal is not required. The statute, as observed by the State, does not require that an order for home detention be issued at the time of sentencing. The court imposed an aggregate sentence of nine years and ordered "Five (5) years of said sentence shall be executed at the [DOC], two (2) years of said sentence shall be served as a direct commitment to Vigo County Community Corrections In-Home Detention Program." Appellant's Appendix Volume II at 104. Kraemer has not shown that he has been prejudiced by the fact the court did not issue an order for home detention at the sentencing hearing. To the extent the sentencing order does not include all of the requirements of Ind. Code § 35-38-2.5-6 and it is an applicable provision, the trial court may issue an order for home detention in accordance with the statute prior to or at the time Kraemer completes his term in the DOC and begins his home detention placement. *See Brock v. State*, 558 N.E.2d 872, 877 (Ind. Ct. App. 1990) (finding that the trial

---

device, pay applicable fees, and provide a DNA sample if applicable and not previously provided. *See* Ind. Code § 35-38-2.5-6.

court's order for home detention did not comply with every subsection of Ind. Code § 35-38-2.5-6 but that the defendant did not demonstrate how he had been prejudiced by the omissions, and instructing the trial court, to the extent the defendant had not been released from the home detention ordered, to enter a home detention order in compliance with the statute).

[9] With respect to probation, Ind. Code § 35-38-2-1 provides in part that, "[w]henever it places a person on probation, the court shall . . . specify in the record the conditions of the probation." Also, Ind. Code § 35-38-2-2.3(b) provides in part that, "[w]hen a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation." Ind. Code § 35-38-2-2.3(b) does not specify that the written statement must be provided by the court. *See* Ind. Code § 11-13-1-3 (providing that a probation officer shall, among other things, furnish probationers under the officer's supervision with a written statement of the conditions of the probation and instruct the probationer regarding the conditions).

[10] The trial court advised Kraemer of the rights he waived while on probation as to his person, vehicle, residence, cell phones, computers, and other electronic storage and communication devices, that at any time without notice or probable cause any of those could be searched, that he could be asked to submit to a drug screen, and that anything that showed up could be used against him. Also, the plea agreement expressly provides that Kraemer waived his constitutional rights, that his devices, residence, or person may be searched at any time without notice and without reasonable suspicion, probable cause, or a search

warrant, and that any evidence derived from a search may be introduced against him at a probation revocation hearing or criminal prosecution. The court's written order provides that Kraemer shall be subject to the rules and regulations of Vigo County Adult Probation during his probationary term and that, in addition to the standard terms of probation, he was required to provide a DNA sample. Kraemer was adequately advised as to these conditions. *See Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989) ("Although the trial court did not give Kerrigan a written copy of the terms and conditions of his probation when he was sentenced, the record reveals the trial court orally, on the record, explained the conditions to him, and which Kerrigan acknowledged he understood."); *see also Freije v. State*, 709 N.E.2d 323, 325 (Ind. 1999) (observing that "a defendant who enters into a plea agreement that calls for a probationary sentence should reasonably expect that the county's standard conditions may apply"). Also, the court ordered an executed sentence at the DOC and direct placement on home detention, suspended the remainder of the sentence, and ordered that Kraemer be placed on formal probation for two years. To the extent Kraemer has not been provided with a written statement specifying the terms of his probation, such a written statement may be furnished to him prior to or at the time that he begins his probation.

[11] For the foregoing reasons, we affirm the trial court's order.

[12] Affirmed.

Altice, J., and Tavitas, J., concur.