## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 14 2019, 6:54 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Fernando A. Pedroza,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 14, 2019<br><br>Court of Appeals Case No.<br>19A-CR-401<br><br>Appeal from the Shelby Circuit Court<br><br>The Honorable Trent Meltzer, Judge<br><br>Trial Court Cause No.<br>73C01-0811-FB-28 |

**Tavitas, Judge.**

## Case Summary

[1] Fernando A. Pedroza appeals the revocation of his probation. We affirm.

## Issue

[2] The sole issue before us is whether the trial court abused its discretion in revoking Pedroza's probation.

## Facts

[3] On November 18, 2008, Pedroza was charged in Shelby County with Count I, armed robbery, a Class B felony; Count II, criminal confinement, a Class B felony; and Count III, theft, a Class D felony (the "first Shelby County offense").[1] On December 10, 2009, Pedroza and the State entered into a plea agreement in which Pedroza pleaded guilty to Count I; Counts II and III were dismissed. Pedroza was sentenced to eleven years with seven years executed, the balance suspended to four years probation. Pedroza served his executed sentence and was released on June 29, 2012, to begin probation.

[4] Between June 29, 2012, and February 5, 2013, during the time Pedroza was serving probation for the first Shelby County offense, Pedroza was charged with committing two new, separate offenses. The first new offense occurred on January 17, 2013, in Shelby County (the "second Shelby County offense"); and the second new offense occurred on January 28, 2013, in Marion County (the

---

[1] Cause No. 73C01-0811-FB-28.

"Marion County offense"). Although the second Shelby County offense occurred first, Pedroza was charged with and convicted of the Marion County offense first. The sequence of events is as follows.

[5] On February 5, 2013, the State filed a petition to revoke Pedroza's probation on the first Shelby County offense after Pedroza committed the Marion County offense on January 28, 2013.[2] In the Marion County offense, Pedroza was convicted of burglary, a Class B felony and five counts of robbery while armed with a deadly weapon or results in bodily injury to another person, Class B felonies. Pedroza was sentenced to twenty-eight years executed to be followed by two years of probation.

[6] According to both Pedroza and the State in their briefs, the petition to revoke in the first Shelby County offense was dismissed after Pedroza entered a memorandum of understanding ("MOU") with the State wherein Pedroza provided a "clean up" statement to police regarding a pending Shelby County investigation. *See* Appellant's Br. p. 6; *see also* Appellee's Br. p. 7. The petition to revoke Pedroza's probation was dismissed on October 23, 2014.

---

[2] In the pre-sentence investigation report ("PSI") there are two Marion County offenses listed as occurring on January 23, 2013, in Cause No. 49G03-1305-FB-27875 and January 28, 2013, in Cause No. 49G03-1301-FB-6471. We are unclear whether these are the result of separate events; however, it appears that these causes were either combined or for some reason the State only proceeded with charges on the offenses that occurred on January 28, 2013. We, therefore, only outline in our opinion the charges for which Pedroza was convicted in Marion County.

[7] Following Pedroza's statement, on December 5, 2014, Pedroza was charged with the second Shelby County offense which he committed while on probation in the first Shelby County offense.[3] The second Shelby County offense occurred on January 17, 2013—prior to the Marion County offense—however police were not able to determine Pedroza's involvement until after the filing of the Marion County offense. In the second Shelby County offense, Pedroza was charged with Count I, burglary resulting in bodily injury, a Class A felony; Count II, robbery when the defendant is armed or bodily injury resulted, a Class B felony; and Count III, theft, a Class D felony. Pursuant to his plea agreement, Pedroza pleaded guilty to Counts I and II, and Count III was dismissed. The State agreed that, in exchange, Pedroza's sentences in Count I and II would run concurrently to one another and concurrently to the sentence in the Marion County offense. On August 17, 2018, Pedroza was sentenced in the second Shelby County offense to fifty years executed.

[8] On June 26, 2018, the State filed another petition to revoke Pedroza's probation in the first Shelby County offense as a result of Pedroza's second Shelby County offense, which Pedroza also committed while on probation. A fact finding hearing was held on November 15, 2018 and the trial court requested briefs regarding the issue of whether the State timely filed its petition to revoke probation. On January 17, 2019, the trial court held a dispositional hearing and determined that it could revoke Pedroza's probation based on the State's

_____

[3] Cause No. 73D01-1412-FA-23.

petition. The trial court revoked Pedroza's probation in the first Shelby County offense and ordered Pedroza to serve four years in the Indiana Department of Correction ("DOC"). Pedroza now appeals.

## Analysis

[9] Probation serves as an "alternative to commitment in the [Department of Correction]" and is granted "at the sole discretion of the trial court." *Luke v. State,* 51 N.E.3d 401, 421 (Ind. Ct. App. 2016) (citing *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*), *trans. denied.* Probation is "a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Luke,* 51 N.E.3d at 421 (quoting *Cox,* 706 N.E.2d at 549). "[A] revocation hearing is civil in nature, the State needing only to prove the alleged violations by a preponderance of the evidence." *Luke,* 51 N.E.3d at 421. A violation of a single probation condition is sufficient to revoke probation, and if "there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke." *Id.*

[10] Indiana Code Section 35-38-2-3(a), which is at issue here, provides:

> The court may revoke a person's probation if:
>
> (1) the person has violated a condition of probation during the probationary period; and
>
> (2) the petition to revoke probation is filed during the probationary period or before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

Here, Indiana Code Section 35-38-2-3(a)(2)(A) or (B) would not apply because the State was aware of Pedroza's violation when he was charged with the second Shelby County offense in 2014.

[11] Pedroza argues that the trial court lacked the authority to revoke his probation because the State's petition to revoke was untimely filed. Specifically, the disagreement between Pedroza and the State appears to be whether Pedroza was still in the probationary period on June 26, 2018, when the State filed the petition to revoke. Pedroza contends that his probationary period in the first Shelby County offense ended on March 16, 2018, while he was incarcerated for his other offenses, whereas the State argues that Pedroza's probationary period was tolled due to Pedroza's incarceration. It does not appear that the parties disagree that Pedroza's probation was at least tolled between when the State filed the petition to revoke probation on February 5, 2013, and when the petition was dismissed on October 23, 2014. *See* Ind. Code § 35-38-2-3(c) ("The issuance of a summons or warrant tolls the period of probation until the final determination of the charge.").

[12] In short, we must determine whether Pedroza's probationary period began running again on October 23, 2014, when the State dismissed the initial petition to revoke probation, and while Pedroza was still incarcerated. If the

probationary period was tolled due to Pedroza's constant incarceration, the State's petition was timely filed; however, if Pedroza's probationary period was completed while he was incarcerated, the State's petition would have been untimely filed and Pedroza's probation would have been improperly revoked.

[13]     In *Hart v. State,* 889 N.E.2d 1266, 1271 (Ind. Ct. App. 2008), our Court stated:

> Thus, "[p]robation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior *in lieu of imprisonment.*" *Abernathy v. State,* 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006) (emphasis added). "This gives the defendant an opportunity to show he is able to rehabilitate himself and become a useful member of society without serving his time in prison" as well as "gives the sentencing court an opportunity to observe the defendant's conduct during this period." *White v. State,* 560 N.E.2d 45, 46 (Ind.1990). Given the rehabilitative purpose of probation, a process which can only be accomplished outside the confines of prison, it is axiomatic that *"[o]ne may not be simultaneously on probation and serving an executed sentence." Thurman v. State,* 162 Ind. App. 576, 320 N.E.2d 795, 797 (Ind. 1974).

*Hart v. State*, 889 N.E.2d 1266, 1271 (Ind. Ct. App. 2008) (emphasis added). While the facts in *Hart* are distinguishable from the present case because Hart had not begun the actual monitoring portion of probation whereas Pedroza had begun the actual monitoring portion of probation, other facts in Pedroza's case allow us to reach the same conclusion.

[14]     Under the circumstances, Pedroza cannot convince us that he was simultaneously completing his probation while incarcerated. We need not

address the issue of whether a defendant can serve his actual probation and executed sentence simultaneously because, in our case, Pedroza was required to serve his sentences consecutively. Specifically, Pedroza committed two probation violations by committing new offenses while on probation for the first Shelby County offense. Pursuant to Indiana Code Section 35-50-1-2(e):

> If, after being arrested for one (1) crime, a person commits another crime:
>
> > (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first time; or
>
> . . .
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and the sentences are imposed.

[15] Accordingly, the sentences for the first Shelby County offense and the second two offenses (the second Shelby County offense and the Marion County offense, which run concurrently to one another pursuant to a plea agreement) were required to run consecutively. Thus, because the sentences are to be served consecutively, Pedroza's executed sentence and probation sentence cannot be served concurrently. Accordingly, it cannot be that probation for one offense, which runs consecutively to the sentence in another offense, could be served at the same time.

[16]     If we were to allow the result Pedroza requests, we would effectively overrule the statute regarding mandatory consecutive offenses by allowing the first Shelby County offense to run concurrently with the other offenses, instead of consecutively as the statute requires. Accordingly, the State's petition to revoke was timely filed, and the trial court had the discretion to revoke Pedroza's probation. The trial court did not abuse its discretion in finding the State's petition timely filed.

## Conclusion

[17]     The trial court did not abuse its discretion in revoking Pedroza's probation. We affirm.

[18]     Affirmed.

Crone, J., and Bradford, J., concur.