

FILED

Mar 20 2018, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin McCarty, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 20, 2018 <br><br> Court of Appeals Case No. <br> 84A04-1707-CR-1599 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable John T. Roach, Judge <br><br> Trial Court Cause No. <br> 84D01-1406-FD-1533 |

**Mathias, Judge.**

[1] Dustin McCarty was convicted in Vigo Superior Court of Class D felony battery by bodily waste and Class A misdemeanor resisting law enforcement. The trial court sentenced McCarty to two and one-half years with 290 days executed and the remainder suspended to probation. McCarty appeals and argues that the trial court erred by failing to provide him with written

conditions of probation at sentencing and by imposing conditions that are impermissibly vague and not reasonably related to his rehabilitation.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] On June 3, 2014, Terre Haute Police Officer Philip Ralston ("Officer Ralston") was responding to a call that a woman was urinating in public when he encountered McCarty. After checking his identification, the officer discovered that McCarty had an outstanding arrest warrant. McCarty was arrested and placed in handcuffs, and the officer began to transport him to the Vigo County Jail.

[4] During the drive to the jail, McCarty spit on Officer Ralston. The officer warned McCarty to stop or he would call for the mobile incarceration unit to transport McCarty to jail. After McCarty spit on the officer a second time, Officer Ralston pulled his vehicle over and two officers arrived to assist him.

[5] McCarty began to struggle when the officers attempted to remove him from the vehicle. The officers eventually removed McCarty from the car and put him on the ground. McCarty continued to struggle and kick, but the officers were able to get McCarty under control before the mobile incarceration unit arrived.

[6] The State charged McCarty with Class D felony battery by bodily waste and Class A misdemeanor resisting law enforcement. A jury trial was held on May 11, 2017, and McCarty was found guilty as charged.

[7] The trial court ordered McCarty to serve an aggregate two-and-one-half-year sentence. He was given credit for 290 days served, and the remainder of his sentence was suspended to probation. The trial court ordered the standard terms of probation and that McCarty "shall submit to a drug and alcohol evaluation and remain compliant with their recommendations." Appellant's App. pp. 103–4.

[8] Four days after he was sentenced, McCarty met with a probation officer, and he signed a form acknowledging the conditions of his probation. The probationary terms at issue in this appeal are:

> 2. You will avoid persons and places of harmful character, or a person who is likely to influence you to commit a crime.
>
> ***
>
> 7. You will (not) consume alcohol in a lawful manner unless ordered to abstain by the Court or any alcohol rehabilitation program.

*Id*. at 107. The word "not" in the condition concerning alcohol use was handwritten on the form. McCarty now appeals.

## Discussion and Decision

[9] First, McCarty argues that the trial court was required, but failed to, provide him with the specific terms of his probation at the sentencing hearing. Next, McCarty claims that the probationary term restricting his alcohol use is not reasonably related to his rehabilitation. And, finally, he argues that the

probationary term concerning with whom and where he may associate with is unconstitutionally vague or overly broad.

[10] "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. Trial courts have broad discretion in establishing conditions of probation to safeguard the general public and to create law-abiding citizens. *Patton v. State*, 990 N.E.2d 511, 514 (Ind. Ct. App. 2013). "Conditions of probation should effectuate the supervision required to achieve probation goals and, therefore, must be functionally and rationally related to the probationer's rehabilitative needs and to society's interests." *Id*. We will only set aside a trial court's terms of probation when the court has abused its discretion. *Id*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

*A. Written Conditions of Probation*

[11] McCarty argues that the trial court erred when it failed to specify the terms of his probation at the sentencing hearing and did not provide him with a written copy of the conditions of his probation. Because McCarty did not receive the specific terms of his probation until he met with his probation officer four days after the sentencing hearing, he argues that "it appears that it was the probation officer, and not the court, that determined the specific terms of McCarty's probation." Appellant's Br. at 9.

[12] Indiana Code section 35-38-2-1 provides that "[w]henever it places a person on probation, the court shall . . . specify in the record the conditions of the probation[.]" And "[w]hen a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation[.]"[1] I.C. § 35-38-2-2.3(b). The intent behind Indiana Code section 35-38-2-2.3 is "to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing." *Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989) (analyzing the predecessor to I.C. § 35-38-2-2.3). Although the trial court errs by failing to provide the defendant with a written statement of the conditions, the error is harmless if there is otherwise substantial compliance with the intent of providing a defendant with prospective notice of the standard of conduct required of him while on probation and prohibiting the imposition of additional conditions after sentencing. *Id.*; *see also White v. State*, 560 N.E.2d 45, 48 (Ind. 1990) (finding no reversible error where substantial compliance occurred, and defendant received written probation instructions three weeks after his sentencing, thus "having ample time to comply with them").

[13] At his sentencing hearing, McCarty was ordered to comply with the standard conditions of his probation and undergo an alcohol and drug evaluation. However, the trial court did not specifically state the standard terms of

---

[1] The statute requires written notice, but it does not specifically require the trial court to provide written notice.

probation, and McCarty was not advised of the specific terms of his probation until he met with his probation officer four days after his sentencing hearing.

[14] We can reasonably assume that the trial court is well aware of the standard terms and conditions of probation. Indiana Code section 35-38-2-1 requires the trial court to have specified the terms of McCarty's probation on the date of sentencing. However, McCarty has not established any general harm in the four-day delay between his sentencing hearing and his receipt of the specific terms of his probation.

[15] On the other hand, we can infer that McCarty's probation officer altered condition number 7, which in the original read: "You will consume alcohol in a lawful manner unless ordered to abstain by the Court or any alcohol rehabilitation program." Appellant's App. p. 107. McCarty's probation officer inserted the word "not" before the word consume. *Id*. The trial court did not order McCarty to abstain from consuming alcoholic beverages. The court only ordered an alcohol and drug evaluation and compliance with any resulting recommendations.

[16] The probation officer's unilateral and unauthorized alteration of a condition of McCarty's probation is precisely why it is important for the trial court to specify the terms of probation and give a written statement of the conditions of probation to the defendant at the sentencing hearing as is required by Indiana Code sections 35-38-2-1 and -2.3. On remand, we direct the trial court to correct

condition number 7 so that it does not need to be altered by probation personnel in the future.

[17] Next, we address McCarty's argument concerning the condition that he undergo a drug and alcohol evaluation. At the sentencing hearing, the trial court orally ordered McCarty to undergo an alcohol and drug evaluation. However, this orally imposed condition of probation was not included in the written statement listing the terms of McCarty's probation.

[18] A trial court's failure to provide written probation terms may be harmless if the defendant has been orally advised of the condition and acknowledges that he understand the condition. *Gil v. State*, 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013). In *Gil*, the trial court did not provide the defendant with a written statement of the conditions of probation. The court stated that no contact with the victim was a condition of probation, but the defendant never acknowledged that he understood this as a term of his probation. Therefore, we concluded that the court's error in failing to provide written terms of probation was not harmless and remanded the case to the trial court with instructions to provide written terms of probation to Gil. *Id*.

[19] In this case, the trial court ordered McCarty to undergo an alcohol and drug evaluation but never asked him to acknowledge that he understood that condition of his probation. Sentencing Tr. p. 8. As the trial court continued its sentencing statement and during its advisement of the right to appeal, the court asked, "Mr. McCarty, are you listening to me?" *Id*. McCarty later

acknowledged his right to appeal, but never indicated that he understood that he was to undergo a drug and alcohol evaluation as a condition of his probation. Therefore, on remand, we instruct the trial court to provide McCarty with written terms of his probation which include a requirement that McCarty undergo a drug and alcohol evaluation.

### B. Whether the Drug and Alcohol Evaluation is Reasonably Related to McCarty's Rehabilitation

[20] McCarty also claims that the drug and alcohol evaluation is not reasonably related to his rehabilitation because his offenses did not involve alcohol or drugs. A trial court has broad discretion to impose conditions of probation, but the conditions imposed must be reasonably related to the defendant's treatment and protection of the public. *Slott v. State*, 822 N.E.2d 176, 179–80 (Ind. Ct. App. 2005), *trans. denied*.

[21] The officer arrested McCarty because there was an outstanding warrant for his arrest. The warrant was issued because McCarty had been charged with misdemeanor public intoxication and he failed to attend a court hearing. Tr. p. 42. McCarty was agitated when he was arrested and "appeared to be under the influence" of something.[2] *Id*. at 22. Approximately one week after he was

---

[2] However, McCarty testified that he was not under the influence of alcohol or drugs at the time of arrest. Tr. pp. 46–47.

arrested in this case, McCarty pleaded guilty to Class B misdemeanor public intoxication endangering a person's life. Appellant's App. p. 94.

[22] Because there is evidence in the record that McCarty was recently convicted of an alcohol-related offense, ordering him to complete a drug and alcohol evaluation is reasonably related to his rehabilitation. Moreover, our General Assembly has specifically authorized trial courts to order convicted persons to participate in treatment programs or addiction counseling as a condition of probation. *See* I.C. § 35-38-2-2.3(a).

C. *Is the condition that McCarty must avoid persons and places of harmful character impermissibly vague?*

[23] Finally, we consider McCarty's claim that the following probationary term is unconstitutionally vague or overly broad. The condition provides that McCarty "will avoid persons and places of harmful character, or a person who is likely to influence you to commit a crime." Appellant's App. p. 107.

[24] "A probationer has a due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned to prison." *McVey v. State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007) (citation omitted), *trans. denied*. To avoid being unconstitutionally vague, the condition must be clear enough so that individuals of ordinary intelligence would be adequately informed of the general conduct that is proscribed. *Patton*, 990 N.E.2d at 516. The condition "need not list, with itemized exactitude, every item of conduct that is prohibited." *Id.*

[25] Our court reviewed a similar probation condition for vagueness in *Clemons v. State*, 83 N.E.3d 104 (Ind. Ct. App. 2017), *trans. denied*. In that case, the defendant argued that the following condition was impermissibly vague: "You shall not associate with any person of bad character or reputation or with any person who is likely to influence you to commit a crime or crimes." *Id*. at 107 (record citation omitted). Our court agreed that the condition was vague and stated:

> The condition does not define what "associate" or "bad character or reputation" mean in this context, nor is it clear how to identify a person who could "influence" Clemons to commit a crime. Because each of the terms in this condition is subjective, the condition fails to inform Clemons what conduct would subject her to revocation of her probation.

*Id*. at 109.

[26] "Persons and places of harmful character" are subjective terms that are not readily defined. And what constitutes a place of harmful character is possibly even more difficult to define than a person of harmful character. The only objective example of a place of harmful character that readily comes to mind is a known "crack" or drug house.

[27] For all of these reasons, we agree with McCarty that this condition of his probation is impermissibly vague. On remand, we direct the trial court to clarify this condition of McCarty's probation so he is adequately informed of the general conduct that is proscribed. *See id*.; *Patton*, 990 N.E.2d at 516.

# Conclusion

Although the trial court erred when it failed to provide McCarty with written conditions of probation at sentencing, the record does not indicate that McCarty violated, or was arrested and charged with violating, any terms of that probation in the four-day period between sentencing and his first appointment with the probation department. For this reason, we can find that error to be harmless error. But this case demonstrates the problems that can arise when a defendant is not provided with clear and accurate written conditions of his or her probation at sentencing. On remand, the trial court is instructed to (1) correct the probation term that was altered by the probation officer; (2) provide McCarty with written terms of his probation, which includes each condition of probation; and (3) clarify and make more specific the probationary term that McCarty is to "avoid persons and places of harmful character, or a person who is likely to influence you to commit a crime" because this condition of probation is impermissibly vague.

Reversed and remanded for proceedings consistent with this opinion.

Najam, J., and Barnes, J., concur.