## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2018, 11:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Bailey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2018

Court of Appeals Case No.
34A02-1711-CR-2725

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1511-F6-1010

**Mathias, Judge.**

[1] Jason Bailey ("Bailey") pleaded guilty in Howard Superior Court to Level 6 felony forgery. After Bailey completed a Therapeutic Community Program, the trial court modified his sentence to 913 days with 823 days suspended to probation with participation in the Howard County Re-Entry Program. After Bailey violated the rules of the Re-Entry Program, the Howard Superior Court revoked Bailey's probation and ordered him to serve the remainder of his suspended sentence in the Department of Correction ("DOC"). Bailey appeals and argues that the trial court abused its discretion when it revoked his probation by failing to notify him of the terms of his probation.

[2] We affirm.

## Facts and Procedural History

[3] In December 2014 and January 2015, Bailey used a business credit account to make unauthorized personal purchases from two different auto parts stores. The State charged Bailey with thirteen counts of Level 6 felony forgery. On March 10, 2016, Bailey entered a plea of guilty to one count of forgery, and the trial court accepted the guilty plea. Pursuant to the agreement, the remaining charges were dismissed.

[4] The trial court sentenced Bailey to serve 913 days in the DOC. The trial court further ordered that Bailey be placed in a Therapeutic Community program while incarcerated. Upon completion of the program, the court would consider

modifying his sentence. Bailey successfully completed the program, and the trial court modified Bailey's sentence.[1]

[5] The trial court suspended the remaining 823 days of Bailey's sentence and placed him on supervised probation. As a specific condition of probation, the court ordered Bailey to "successfully complete, and make satisfactory arrangements to pay for, the Howard County Re-Entry Program." Appellant's App. Vol. II, p. 7. As a further specific condition, the court ordered Bailey to follow "any and all recommendations of the Probation Department as it relates to treatment and education." *Id*.

[6] One week after his sentence modification, Bailey enrolled in the Howard County Re-Entry Program, and he signed a form acknowledging the conditions of his enrollment and probation. The terms of the participation agreement that are pertinent to this appeal are:

> 2. Participant agrees that he will participate in the Howard County Reentry Program for a maximum period of three years, *during which time he agrees to abide by all rules and conditions of the Reentry Program.*

> * * *

---

[1] The transcript of the modification hearing was not included in the record.

8. If Participant is terminated from the Reentry Program while on the Community Transition Program they will be returned to the Department of Corrections. If Participant is on probation, they will be referred to the sentencing court for final disposition . . . Upon termination, the Reentry program will issue a written notice to the sentencing court advising the court that the Participant has been terminated.

* * *

13. Participant acknowledges by his initials that he was provided the opportunity to review and discuss this agreement with counsel.

Appellant's App. Vol. III, pp. 13–14. (emphasis added).

[7] As a part of his participation in the Re-Entry Program, Bailey enrolled in the Gap Program—a faith-based program where, according to Tim Trambarger ("Trambarger"), the director of the Gap Program, "it's all Godly things that they go through and do." Tr. p. 7. He was enrolled in the program for two weeks when he began borrowing a tablet from the worship leader, allegedly to learn how to play the guitar from videos online to worship in the church band, and he eventually purchased the tablet. However, Bailey began using the tablet to communicate with Alisha King ("King")—the mother of his child—despite the fact that all visitation and communication with King was to be supervised by staff members of the Gap. In doing so, Bailey violated the rules of the Gap program. King eventually reported the communication to Trambarger. She told

Trambarger, "if Jason didn't quit harassing her she was going to get the authorities to come to [t]he Gap." Tr. p. 11.

[8] The tablet was confiscated after King's call to Trambarger. Brian Day ("Day"), the supervisor of the Case Management Department at Community Corrections, looked through the tablet to find a long thread of text messages between King and Bailey. The text messages established that Bailey "attempt[ed] to manipulate [the] situation" by trying to get King to call and conceal the contact between King and himself. Tr. p. 16. Day also found pornographic videos of King on the tablet. The use of the tablet, among other violations, prompted the Re-Entry Program to terminate Bailey's participation. On June 14, 2017, the Howard Re-Entry Program submitted a Notice of Termination which stated its intent to terminate Bailey's participation in the program "for possession and use of a tablet in violation of Re-Entry Program and sober housing rules and lying about the use of the device." Appellant's App. Vol. III, p. 15.

[9] As a result, on August, 4, 2017, the State filed a petition to revoke Bailey's probation. At the October 4, 2017 revocation hearing, the trial court found that Bailey "possessed the tablet in contravention of the rules and the totality of the circumstances justified the filing of th[e] Notice of Termination." Tr. p. 25. The court stated, "[Bailey] was spending a lot more time and effort trying to avoid the rules . . . than he was in participating in the program and there was no indication . . . that he ha[d] any intention of doing what he's required to do[.]"

*Id.* After noting Bailey's extensive criminal history, and that his violation that "falls kind of in the same category as committing a new crime," the court found that Bailey had violated his probation. *Id*. at 36–37. Bailey was then sentenced to serve the remainder of his previously suspended sentence of 823 days in the DOC. Bailey now appeals.

## Discussion and Decision

[10] Bailey argues that the trial court abused its discretion in revoking his probation because it failed to provide Bailey with written or oral rules of probation. More specifically, Bailey argues that he was never informed that failure to complete the re-entry program would result in revocation of his probation.

[11] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *McCarty v. State*, 94 N.E.3d 350, 352 (Ind. Ct. App. 2018) (quoting *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013)*, trans. denied*). "The decision to grant probation is a matter within the sound discretion of the trial court." *Seals v. State*, 700 N.E.2d 1189, 1190 (Ind. Ct. App. 1998). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *McCarty*, 94 N.E.3d at 353. "The

court determines the conditions of probation and may revoke probation if the conditions are violated." *Seals,* 700 N.E.2d at 1190.

[12] Indiana Code section 35-38-2-1 provides that "[w]henever it places a person on probation the court shall . . . specify in the record the conditions of the probation[.]" And "[w]hen a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation[.]" I.C. § 35-38-2-2.3(b). "The intent behind Indiana Code section 35-38-2-2.3 is 'to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing." *McCarty*, 94 N.E.3d at 353 (quoting *Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989)).

[13] Bailey argues that the trial court abused its discretion when it failed to provide him with written terms of his probation. Because revocation occurred upon the "violation of a term of probation that was not included in any writing provided to Bailey at the time of his modification," Appellant's Br. at 8, he contends that he should be returned to the Howard County Probation Department "with terms and conditions, including, but not limited to, in-home detention[.]" *Id*. Further, Bailey asserts that there is no evidence in the record establishing his acknowledgement of the conditions of his probation.

[14] After Bailey successfully completed the Therapeutic Community program, a modification hearing was held. At his modification hearing, the trial court

issued a written sentencing order requiring Bailey to successfully complete, and make satisfactory arrangements to pay for, the Howard County Re-Entry Program and to follow any and all recommendations of the Probation Department as it related to treatment and education. Bailey claims that the nothing in the Sentencing Order, or the record, "indicates that Bailey acknowledged that he understood that condition." *Id.* at 7.[2]

However, one week after the order was issued, Bailey signed the Re-entry Court Participation Agreement which contained clauses acknowledging that:

> 2. he will participate in the Howard County Reentry Program … during which time he agrees to abide by all rules and conditions of the Reentry Program.
>
> * * *
>
> 8. . . . [i]f Participant is on probation, they will be referred to the sentencing court for final disposition . . . Upon termination, the Reentry program will issue a written notice to the sentencing court advising the court that the Participant has been terminated.
>
> * * *

---

[2] It is reasonable to assume that the trial court discussed Bailey's conditions of probation with him at the modification hearing. But, as previously mentioned, the transcript from the modification hearing was not included in the record provided to this court, as required by Appellate Rule 9(F)(5) ("A designation of all portions of the Transcript necessary to present fairly and decide the issues on appeal").

13. . . . by his initials that he was provided the opportunity to review and discuss this agreement with counsel.

Appellant's App. Vol. III, pp. 13–14. (emphasis added). Thus, Bailey's signature on the Participation Agreement and enrollment in the Re-entry Court Program establishes that he understood the conditions of his probation.

## Conclusion

[16] Although the trial court was required to provide Bailey with written conditions of probation at the sentencing hearing, the record indicates that Bailey understood the terms of his probation since he enrolled in the Re-Entry Program, signed the Participation Agreement, and acknowledged that he understood the terms he was agreeing to, and was terminated for failing to comply with the Re-entry Court rules. For all of these reasons, the trial court acted within its discretion when it revoked Bailey's probation.

[17] Affirmed.

Riley, J., and May, J., concur.