## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 03 2018, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael E. Wisehart, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 3, 2018 <br><br> Court of Appeals Case No. <br> 34A02-1711-CR-2599 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Trial Court Cause No. <br> 34D01-0909-FA-794 |

**Najam, Judge.**

# Statement of the Case

Michael E. Wisehart appeals the trial court's revocation of his probation. He raises two issues for our review, which we reorder and restate as follows:

1. Whether the trial court abused its discretion when it revoked his probation because the trial court had failed to notify him of the terms of his probation.

2. Whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence.

We affirm.

# Facts and Procedural History

On September 1, 2009, the State charged Wisehart with eight counts of various drug-related offenses. Subsequently, Wisehart pleaded guilty to one count of dealing in methamphetamine, as a Class B felony; one count of possession of a controlled substance, as a Class D felony; and one count of possession of marijuana, as a Class D felony. The trial court accepted Wisehart's guilty plea and sentenced him to an aggregate term of twenty-six years, with eighteen years executed in the Department of Correction and eight years suspended to supervised probation.

In early 2016, Wisehart petitioned the trial court to modify his sentence based on the fact that he had completed the equivalent of more than fourteen years of his sentence and that he had completed several rehabilitation and education

classes. After a hearing, the court ordered that Wisehart be evaluated for the re-entry program and took the matter under advisement. An individual with the New Castle Correctional Facility evaluated Wisehart and created a report. According to that report, which Wisehart signed, Wisehart was also serving a twenty-year sentence for sexual misconduct with a minor, as a Class B felony, while he was serving his sentence for the instant drug offenses. The report also listed all of the programs that Wisehart had completed while incarcerated.

[5] Thereafter, on April 6, the trial court issued an order in which it: amended Wisehart's sentence; ordered that he be released from the Department of Correction on August 3; and approved his participation in the community transitions program. As a specific condition of the community transitions program, the court ordered Wisehart to successfully complete a re-entry program. On April 13, the parties signed a re-entry program participation agreement.

[6] Some thirteen months later, on May 10, 2017, Wisehart's probation officer notified the State that the re-entry program intended to terminate Wisehart's participation because Wisehart had engaged in a sexual relationship with another participant of the program and then lied about it. The trial court held a hearing on the notice of termination from the re-entry program. During that hearing, Wisehart admitted that he had violated the terms and conditions of the re-entry program. The trial court accepted his admission and terminated him from the program.

[7] The State then filed a petition to revoke Wisehart's probation. In the petition, the State alleged that Wisehart had violated the terms of his probation when he failed to complete the re-entry program. On October 12, the trial court held a hearing on the State's petition. During the hearing, Wisehart testified that he had previously admitted to a sexual relationship with another participant that "[he] knew [he] wasn't supposed to" engage in. Tr. Vol. II at 31. Wisehart's probation officer testified that Wisehart was required to complete the re-entry program as a condition of his placement but that he did not complete the program. Wisehart's probation officer further testified that Wisehart understood the rules that he was required to follow.

[8] The trial court found that Wisehart had violated the terms of his probation and proceeded to hear evidence concerning sentencing. Wisehart called the other program participant with whom Wisehart had the sexual relationship as a witness. The other program participant testified that she had also admitted to violating the terms of her re-entry program when she had sexual contact with Wisehart. Wisehart's sexual partner further testified that, as a result of her violation, she spent the weekend in jail and was then placed back into the re-entry program.

[9] Wisehart called several other individuals as witnesses who testified as to his character, his work ethic, and his regular attendance in recovery programs. Wisehart also testified during the hearing. Wisehart testified that he had not received any demerits or had any issues during his incarceration, that he had received promotions at his job, and that he had not had any trouble with the

law since his release. Wisehart attempted to give mitigating testimony regarding the violation of the drug re-entry program, but the trial court did not allow the testimony. Specifically, the following dialogue occurred between Wisehart and his attorney, Mr. Curtis:

> [MR. CURTIS]: And so in terms of what we're here about today is in regard to a violation of rules and you did have a relationship with [the other program participant], is that correct?
>
> [Wisehart]: I did.
>
> [MR. CURTIS]: Ok. And you weren't totally forthcoming with [your probation officer], is that right?
>
> [Wisehart]: That's right.
>
> [MR. CURTIS]: Tell the Judge about that.
>
> [Wisehart]: Well,—
>
> THE COURT: Mr. Curtis, we've already indicated—
>
> MR. CURTIS: That's fine.
>
> THE COURT: We're not going to go into the reasons for the termination from Re-Entry.
>
> MR. CURTIS: I understand.

*Id*. at 51-52.

[10] At the conclusion of the hearing, the trial court found as follows:

> As I indicated earlier, I think we have to take into consideration individual character and circumstances of the Defendant not to, to other people who were involved. Mr. Wisehart went to prison, convicted of Dealing in Methamphetamine, and what the Court was unaware of or had forgotten . . . when he came back to the Re-Entry Program they said he was also serving time as a child molester and what we have is behavior, while he's on Re-Entry, is he continues to be a sexual predator and he lies about it[.]

*Id.* at 58. Accordingly, the trial court revoked Wisehart's probation and ordered him to serve the balance of his previously-suspended sentence. This appeal ensued.

# Discussion and Decision

### *Issue One: Probation Revocation*

[11] Wisehart first contends that the trial court abused its discretion when it revoked his probation because it failed to provide Wisehart with written or oral rules of probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "'Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment.'" *McCarty v. State*, 94 N.E.3d 350, 352 (Ind. Ct. App. 2018) (quoting *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013)). "The decision to grant probation is a matter within the sound discretion of the trial court." *Seals v. State*, 700 N.E.2d 1189, 1190 (Ind. Ct. App. 1998). "An abuse

of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *McCarty*, 94 N.E.3d at 353. "The court determines the conditions of probation and may revoke probation if the conditions are violated." *Seals*, 700 N.E.2d at 1190.

[12] Indiana Code Section 35-38-2-2.3(b)(1) provides that "[w]hen a person is placed on probation, the person shall be given a written statement specifying . . . the conditions of probation[.]" "The intent behind Indiana Code section 35-38-2-2.3 is 'to provide a defendant with prospective notice of the standard of conduct required of him or her while on probation and to prohibit the imposition of additional conditions after sentencing.'" *McCarty*, 94 N.E.3d at 353 (quoting *Kerrigan v. State*, 540 N.E.2d 1251, 1252 (Ind. Ct. App. 1989)).

[13] Wisehart specifically asserts that the trial court failed to provide him with written terms of his probation and that "[n]othing in the record indicates that Wisehart acknowledged that he understood the conditions of his probation." Appellant's Br. at 11. He further asserts that because the trial court revoked his probation "based upon the violation of a term of probation that was not included in any writing provided to Wisehart at the time of his modification, nor recorded orally on the record with an acknowledgment by Wisehart that he understood the terms of probation," he should be returned to the Howard County Probation Department. Appellant's Br. at 12.

[14] But Wisehart did receive written notice of the conditions of his probation, including the specific condition that he complete the re-entry program. When the trial court originally sentenced Wisehart after he had pleaded guilty, the sentencing order contained the following condition: "As specific conditions of probation, the Defendant is Ordered to successfully attend, complete and pay for the Howard County Drug and Alcohol Program . . . ." Appellant's App. Vol. II at 63. And, after Wisehart had filed a petition to modify his sentence, the trial court issued another order that stated: "As a specific condition of the Community Transition Program and Probation, the Defendant is ordered to successfully complete, and make satisfactory arrangements to pay for, the Howard County Re-Entry Program." *Id*. at 77. As such, the trial court twice notified Wisehart in written orders that he was required to successfully complete the re-entry program as a condition of his probation.[1] Because the trial court provided written notice to Wisehart that he was required to complete the re-entry program as a specific condition of his probation and because Wisehart violated that condition when he failed to complete the re-entry program, the trial court did not abuse its discretion when it revoked Wisehart's probation.

---

[1] Wisehart does not contend that the trial court failed to provide him with written notice of the conditions of the re-entry program. Further, Wisehart admitted during the hearing on the petition to revoke his probation that he knew he "wasn't supposed to" engage in a sexual relationship with another re-entry program participant. Tr. Vol. II at 31.

### Issue Two:  Sentence

[15] Wisehart next asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously-suspended sentence.  "A trial court's sentencing decisions for violations of probation are reviewed for an abuse of discretion."  *Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) (citing *Prewitt*, 878 N.E.2d at 188).  "An abuse of discretion occurs where the trial court's decision is clearly against the logic and effects of the facts and circumstances.  *Id*.  Specifically, Wisehart contends that the trial court abused its discretion when it sentenced him because it did not allow him to present mitigating evidence and because he received a harsher sentence than his sexual partner.  We address each argument in turn.

### Mitigating Evidence

[16] Wisehart asserts that the trial court abused its discretion when it sentenced him because it did not allow him to present mitigating evidence to explain why his violation should not result in the revocation of his probation.  It is well settled that "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation."  *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008).

[17] Here, during the hearing on the petition to revoke his suspended sentence, Wisehart attempted to testify about the violation of the drug re-entry program, but the trial court interrupted and stated that the court was "not going to go into the reasons for the termination from Re-Entry."  Tr. Vol. II at 52.  Accordingly,

Wisehart contends that "the trial court intervened and prevented questioning on the facts and circumstances leading up to the termination from Re-Entry Court" and, thus, he was not given an opportunity to explain why his violation should not have resulted in the revocation of his probation. Appellant's Br. at 8. We agree.

[18] By denying Wisehart this opportunity, the trial court erred. *See Woods*, 892 N.E.2d at 641. However, on this record, Wisehart is not entitled to relief.

> To reverse a trial court's decision to exclude evidence, there must have been error by the court that affected the defendant's substantial rights *and* the defendant must have made an offer of proof or the evidence must have been clear from the context. This offer to prove is necessary to enable both the trial court and the appellate court to determine the admissibility of the testimony and the prejudice which might result if the evidence is excluded. The purpose of an offer of proof is to convey the point of the witness's testimony and provide the trial judge the opportunity to reconsider the evidentiary ruling. Equally important, it preserves the issue for review by the appellate court.

*Id*. at 641-42 (citations and quotation marks omitted).

[19] While the trial court did not allow Wisehart to explain why his violation should not result in the revocation of his probation, Wisehart did not make an offer of proof to the court. He did not explain how he would have testified and, as such, he did not explain how his testimony could have affected the outcome, especially given the fact that Wisehart still presented other mitigating evidence in the form of his testimony and the testimony from several people who

described his work ethic and his character. Because Wisehart did not make an offer of proof, he has not preserved the issue for our review. *See id.* at 642.

*Disparate Sentence*

Wisehart next contends that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended sentence. Specifically, he argues that the trial court abused its discretion when it sentenced him to the full balance of his term because his sexual partner was only "sanctioned and returned to the Re-Entry Court program without further punishment" and that there was "no discernable difference between the violation committed by [her]" and the violation that Wisehart had committed. Appellant's Br. at 9. Wisehart acknowledges that the "disparate treatment alone is not clearly an abuse of discretion[.]" *Id.* at 10. But, he asserts that the disparate treatment "coupled with the numerous achievements Wisehart had made during his time in the Re-Entry Court Program" demonstrates that the trial court abused its discretion. *Id.* We cannot agree.

It is well settled that, if the court finds that a person has violated a condition probation, the court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code. § 35-38-2-3(h)(3) (2018). And, again, "[a] trial court's sentencing decisions for violations of probation are reviewed for an abuse of discretion." *Figures*, 920 N.E.2d at 273.

Even though Wisehart received a different sanction than his sexual partner, we cannot say that the trial court abused its discretion when it ordered him to serve

the balance of his previously suspended sentence. We initially note that Wisehart has not presented any evidence regarding the original crime that his sexual partner committed, the length of her original sentence, or her behavior while incarcerated or while on probation. As such, we cannot speculate as to why his sexual partner was returned to the re-entry program after she had admitted to violating the rules.

[23] But, here, the trial court sentenced Wisehart to the balance of his suspended sentence based on several factors, including the fact that Wisehart was initially sentenced to an aggregate term of eighteen years executed after he had pleaded guilty to several drug-related offenses, including dealing in methamphetamine, as a Class B felony. Additionally, the trial court considered the fact that Wisehart had previously been convicted of a sex offense and that the instant violation of the re-entry rules involved another incident of inappropriate sexual conduct. As a result, the trial court found that Wisehart "presents a danger to our society" and sentenced him to the balance of his sentence. Tr. Vol. II at 58. Based on those factors, we cannot say that the trial court abused its discretion when it sentenced Wisehart to serve the balance of his previously-suspended sentence.[2] We affirm the trial court's order.

---

[2] While the trial court only relied on the above-mentioned violations when it sentenced Wisehart to serve the balance of his sentence, the record indicates that Wisehart committed other minor violations when he twice missed calling in for a drug test, when he failed to bring meeting slips to the trial court, when he missed a scheduled meeting, when he approached the Assistant Chief Probation Officer at church about probation rules, and when he had a protective order filed against him.

Affirmed.

Crone, J., and Pyle, J., concur.