## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2018, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Clifford M. Davenport
Davenport Law Offices
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dustin Bass,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 16, 2018

Court of Appeals Case No.
18A-CR-32

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1603-F5-558

**Mathias, Judge.**

[1] The Madison Circuit Court revoked Dustin Bass's ("Bass") probation and ordered him to serve the remainder of his suspended sentence in the Indiana

Department of Correction ("DOC"). Bass appeals and raises two issues for our review, which we restate as:

> I.      Whether there was sufficient evidence to support the revocation of Bass's probation; and

> II.     Whether the trial court abused its discretion when it revoked Bass's probation and ordered him to serve the remainder of his suspended sentence in the DOC.

We affirm.

## Facts and Procedural History

On March 16, 2016, Bass was charged with Level 5 felony operating a motor vehicle after his driving privileges were forfeited for life, Level 6 felony possession of a narcotic drug, and Class C misdemeanor possession of paraphernalia. On April 17, 2016, Bass accepted the State's plea agreement which provided, in part:

> At the time of taking of the guilty plea, and again at the time of the Defendant's sentencing, the State will recommend as to the sentence to be imposed as follows:

> **The total executed time shall be capped at five (5) years.**

> All other terms and conditions of the sentencing and probation are to be set by the Court.

> As a further condition of this agreement, the Defendant understands that the State specifically reserves the right to

> unilaterally rescind, revoke and withdraw from this agreement in the event the Defendant commits, or is charged with the commission of, another criminal offense, or in the event the Defendant commits a violation of a term or condition of bond, prior to the time of sentencing in this cause.

Appellant's App. p. 33 (emphasis in original).

[3] At the dispositional hearing on April 26, 2016, the court read the plea agreement on the record, and Bass pleaded guilty to all three counts. The court scheduled a sentencing hearing on May 2, 2016, which was continued to June 1, 2016.

[4] At the June 1 sentencing hearing, Bass testified regarding his mental health issues. He stated that his "mental state was not in like I wasn't in a good place. I was, it's really hard to explain it, just, [], it wasn't good." Tr. p. 21. Bass testified that his thoughts were "irrational" and "erratic" and "the people around [him] recognized it before [he] did and [], [he] trust[ed] them." *Id*. Bass stated that he attempted to get help from the Anderson Psychiatric Center, but six days after going to get help, he got arrested and has been in jail since. *Id*.

[5] The court asked Bass if he understood that "if the court would place [him] in Mental Health Court with the condition that [he] successfully complete Mental Health Court, [and] if [he didn't] do that, then, [he would have] big problems to deal with." *Id*. at 21–22. Bass answered in the affirmative and stated that he was ready to begin the program. The court referred Bass to the Madison County Mental Health Court and stated, "[s]entencing and sanctions in this case [are]

hereby suspended or delayed withheld until [Bass] has successfully complete[d] or does not complete Mental Health Court." *Id*. at 27–28.

[6] At a July 12, 2016 review hearing, the court stated that Bass "was released to go to [Stepping] Stones [Facility,]" "had relapsed on cocaine[,]" and "checked himself in over at Community North." Tr. p. 29. Accordingly, the court found that Bass was not compliant with his drug screens, case management, treatment, or anything of that nature. *Id*. The State requested the court issue a warrant, and the court showed "a warrant issued [] for Mr. Bass[,]" and stated, "[h]e'll be held without bond per further order of the Court." *Id*.

[7] Another review hearing was held on August 29, 2017, where Bass testified that he has been in jail because he "made a bad judgment call." Tr. p. 30. The court questioned Bass about whether he was under the influence of drugs at his last hearing, and Bass lied to the court stating that he was not on drugs. After the court attempted to get Bass to be truthful, the court said, "I'll talk to you at some point when you decide you want to be honest with [the court]." *Id*. at 33. The court scheduled a review hearing for September 6, 2017.

[8] At the September 6 hearing, Bass admitted that he had lied to the court about using drugs and stated that he lied because he was "disappointed in [himself]," *id*. at 34, and that "we make mistakes." *Id*. at 35. The court acknowledged that "people do make mistakes. We all make mistakes." *Id*. But the court stated that it did not understand why Bass had lied about relapsing, specifically because he's "got [a] case manager that's working hard for [him,]" and "[he's] got a

team that's working hard for [him]." *Id.* at 36–37. The court took the issue under advisement and told Bass that the court would notify him of its decision.

[9] However, on September 21, 2017, Bass's case manager filed a request to terminate Bass from the Madison County Problem Solving Court. Appellant's App. p. 65. On October 30, 2017, the court ordered Bass to live at Stepping Stones Facility and have the facility monitor all of his medications and ordered Bass to comply with all of the State mental health therapist's recommendations. *Id.* at 80. The order further provided that Bass "[f]ind/[m]aintain employment of 20 hours per week, and provide written verification in the form of check stubs and/or time cards for all hours worked." *Id.* at 83.

[10] On November 9, 2017, Bass's probation officer filed a notice of violation of suspended sentence. The notice stated in pertinent part:

> 3. That you violated the conditions of your suspended sentence as follows:
>
> a) Failure to keep Probation Department informed of address;
>
> b) Failure to comply with treatment recommendations, and provide written verification of successful completion of said program to the Probation Department;
>
> c) Failure to maintain employment and/or verify employment to the Probation Department;

　　　　d)　　Failure to reside at Stepping Stones as ordered by the Court.

Appellant's App. p. 85.

[11]　On December 13, 2017, an evidentiary hearing was held where Bass argued that he did keep the Probation Department informed about his address. He testified that he was told he had to leave Stepping Stones to attend in-home detention in Marion County, and he "thought the transfer had already been put through for [him] to go to do Marion County in-home here in Anderson where [he] could just go back and forth." Tr. p. 87. Bass stated that he was told to stay at "[t]he Wheeler Mission [in Marion County] until an emergency transfer or transfer went through." *Id.* at 88. Bass further admitted that he stayed at the Wheeler Mission for "one day until [he] noticed all the drugs and drug addicts that were doing everything they were doing. So, [he] got a hotel room." *Id.* at 89. Bass stated that he paid for a hotel room for "close to three weeks" before he was picked up on a probation violation warrant. *Id.* He testified that his "debit card was stolen [by] a neighbor that borrowed a couple of cigarettes from [him] and so, [he] filed a police report, so [he] could dispute the transactions with [his] bank." *Id.* Bass testified that he was then arrested and placed in the Marion County Jail, and he was later transferred to Madison County Jail to await his hearing. *Id.* at 90.

[12]　During closing arguments, the State argued, "it's clear [] from the evidence presented here today that there was a twenty-five (25) day period where [Bass]

had no contact with [his probation officer or doctor] and that clearly violates the sections that were described" in Bass's probation conditions. *Id*. at 98. The State further argued that "based on [Bass's] long criminal history and his continuing not to do what he is suppose[d] to do" the State recommended "that his sentence be revoked and [the court] send him to the [DOC]. *Id*. at 100.[1]

[13] At the conclusion of the hearing, the court found by a preponderance of the evidence that "the defendant violated the conditions of his suspended sentence by failing to keep Probation informed of his address[,] failing to comply with treatment program[,] failing to maintain employment[,] and failing to reside at Stepping Stones as order[ed] by the Court." *Id*. at 14. The trial court ordered Bass to serve the remainder of his previously suspended sentence in the DOC. Bass now appeals.

## Discussion and Decision

[14] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *McCarty v. State*, 94 N.E.3d 350, 352 (Ind. Ct. App. 2018) (quoting *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013)*, trans.*

---

[1] Bass's Presentence Investigation Report shows that Bass's criminal history began in 1994 and is quite extensive and consists of over twenty convictions. *See* Appellant's App. pp. 38–44.

*denied*). "The decision to grant probation is a matter within the sound discretion of the trial court." *Seals v. State*, 700 N.E.2d 1189, 1190 (Ind. Ct. App. 1998). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom." *McCarty*, 94 N.E.3d at 353. "The court determines the conditions of probation and may revoke probation if the conditions are violated." *Seals,* 700 N.E.2d at 1190. A probation revocation hearing is in the nature of a civil proceeding, and therefore, a violation need only be proven by a preponderance of the evidence. *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003).

Upon review of the trial court's decision to revoke probation, we will consider only the evidence most favorable to supporting the trial court's judgment without reweighing that evidence or judging the credibility of witnesses. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id*.

## I. Sufficiency of Evidence

Bass argues that the State presented insufficient evidence to prove that he violated the terms of his probation. Specifically, Bass argues that the witnesses who testified at his revocation hearing made contradictory statements, and thus "the trial court'[s] decision was [not] supported by sufficient evidence of probative value." Appellant's Br. at 22.

[17] Bass's argument is simply a request to reweigh the evidence and judge the credibility of the witnesses, which we will not do. The testimony from Bass's probation officer, mental health care providers, and counsel are sufficient to permit the trial court to conclude that Bass violated the terms of his probation. Bass's probation officer stated that he received a phone call informing him that Bass was no longer residing at Stepping Stones and had not returned. Tr. p. 74. Bass lived in a hotel in Marion County for approximately three weeks and did not keep his probation officer informed of his whereabouts. And Bass's mental health therapist stated that she had not had any contact with Bass between November 2 and December 4. *Id.* at 83–84.

[18] The State, needing to only prove that one violation occurred, established that Bass violated the terms of his probation on multiple occasions. Therefore, the State introduced more than sufficient evidence to support the trial court's revocation of Bass's probation.

## II.  Abuse of Discretion

[19] Bass next argues that the trial court abused its discretion when it ordered Bass to serve the remainder of his suspended sentence in the DOC because "if [he] violated the terms of his probation, it was not intentional." Appellant's Br. at 23. We disagree.

[20] Indiana Code section 35-38-2-3(g) provides in pertinent part that:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may []:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions; [and/or]
>
> > ***
>
> > (3) Order execution of the sentence that was suspended at the time of initial sentencing.

[21]    Here, the court found by a preponderance of the evidence that Bass violated the terms of his probation, but Bass nonetheless argues that the trial court abused its discretion with it ordered that he serve the remainder of his suspended sentence.

[22]    The State and the trial court were compassionate and lenient with Bass. They allowed Bass to receive medical treatment for his mental health, but he failed to comply with his therapist's recommendations. In lieu of incarceration, Bass was given the opportunity to participate in multiple programs to rehabilitate himself. The trial court gave Bass multiple chances after he repeatedly violated the terms of his probation before revocation. For these reasons, we conclude that the trial court did not abuse its discretion when it ordered Bass to serve the remainder of his previously suspended sentence in the DOC.

## Conclusion

[23]    For all of these reasons, we conclude that there was sufficient evidence to prove Bass violated the terms of his probation, and the trial court did not abuse its

discretion in revoking Bass's probation and ordering him serve the remainder of his previously suspended sentence. Accordingly, we affirm.

Bailey, J., and Bradford, J., concur.